No. 70.—JOHN GENTRY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where the indictment charged the defendant with falsely and fraudulently *uttering* one piece of base and counterfeit money, made and counterfeited to the likeness and similitude of *legal* and *current* silver coin called a dollar, knowing the same to be counterfeit: *Held*, that the indictment was sufficient, under the provisions of the Penal Code; the more especially as there was *no objection* made in the Court below, that it was not alleged *to whom* the defendant uttered the counterfeit coin.

Indictment for uttering counterfeit coin.   Tried before Judge Wright, Cass Superior Court, February Term, 1849.

At the February Term, 1849, of Cass Superior Court, John Gentry was placed upon his trial before a Petit Jury, on the following indictment:

" GEORGIA, CASS COUNTY:

" The Grand Jurors, &c. in the name and behalf of the citizens of Georgia, charge and accuse John Gentry with the offence of fraudulently and falsely tendering in payment a base coin, knowing the same to be base; for that the said John Gentry, on the 12th February, 1845, in the County aforesaid, did tender to one Arthur Haire, one piece of base coin, made and counterfeited to the likeness and similitude of good, legal and current silver coin, called a Spanish dollar, knowing the same to be base, contrary to the laws of said State, the good order, peace and dignity thereof; and the Jurors aforesaid, in the name and behalf of the citizens of Georgia, farther charge the said John Gentry with having committed the offence of falsely and fraudulently uttering a counterfeit and forged coin, knowing the same to be counterfeit and forged; for that the said John Gentry, on the 12th day of February, 1845, in the County and State aforesaid, one piece of base and counterfeit money, made and counterfeited to the likeness and similitude of legal and current silver coin called a dollar, did falsely and fraudulently utter and tender the said counterfeit dollar, knowing the same to be counterfeit, contrary to the laws of said State, the good order, peace and dignity thereof."

The defendant, by his counsel, objected to the State's counsel proceeding under this indictment, and moved for a verdict—

1st.  Because, by the Constitution and laws of the United States, the State Courts are divested of the power to punish for the counterfeiting of the coin of the United States, or for the coun terfeiting of any species of coin brought from any foreign nation, the value of which has been regulated by Congress, or for passing any such counterfeit coin.

2d.  Because, in the first count in said indictment, said defendant was not charged with *falsely and fraudulently* tendering said Spanish dollar in payment.

3d.  Because, in the second count in said indictment, it is not stated to whom said silver coin was tendered; nor is it stated

Gentry *vs.* State of Georgia.

what kind of silver coin it was—whether a foreign coin or a coin of the United States—nor is it stated that the silver coin was of the likeness or similitude of any silver coin that was passing or in circulation within this State.

The Court sustained the exception to the first count and ordered the same stricken out, and overruled the other objections. To which decision, overruling the objections of the defendant, the defendant, by his counsel, excepted.

John H. Rice and Patton & Johnson, for plaintiffs in error.

J. Milner, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

Three grounds of error have been assigned to the judgment of the Court below.

The answer to the first ground taken is, that the defendant was not indicted for *counterfeiting* the current coin of the United States, and, therefore, the question of jurisdiction by the State Courts to punish for counterfeiting such coin, is not made by the record.

The second ground of error alleged is, to the first count in the indictment, which the record shows, the Court below ordered to be stricken out. The Court below sustained the defendant's objection to the first count in the indictment, and we do not suppose he now considers himself aggrieved by a decision of the Court below in his own favor.

[1.] The third ground of error is, that it is not alleged in the second count of the indictment, *to whom* said silver coin was tendered, nor what kind of silver coin it was, whether a foreign coin or a coin of the United States, nor is it stated that said silver coin was of the likeness or similitude of any silver coin that was passing or in circulation within this State. The second section of the seventh division of the Penal Code declares, that " If any person shall falsely and fraudulently make, forge or counterfeit, or be concerned in the false and fraudulent making, forging and counterfeiting of any gold, silver or copper coin which now is, or shall be passing or in circulation within this State, or shall falsely and fraudulently make, or be concerned in

the false and fraudulent making, of any base coin, of the likeness or similitude of any gold, silver or copper coin which now is or shall be passing or in circulation within this State; or shall falsely and fraudulently *utter*, publish, pay, or tender in payment, *any such counterfeit* and forged coin of gold, silver or copper, or *any base coin*, knowing the same to be forged, or *counterfeited*, or *base*, or shall aid or abet, counsel or command, the perpetration of either of the said crimes, such person, on conviction, shall be punished by imprisonment in the Penitentiary," &c.  *Prince*, 635.  By the foregoing section of the Code, it is made an offence to *utter* any base coin, knowing the same to be forged or counterfeited or base.

The second count in the indictment charges the defendant with the offence of falsely and fraudulently *uttering* a counterfeit and forged coin, knowing the same to be counterfeit and forged.   One objection is, that it is not alleged in the indictment, to whom the coin was *tendered* by the defendant.   The answer to that objection is, that the defendant is not indicted for *tendering in payment* a counterfeit, forged or base coin.   The defendant is indicted for *uttering* a counterfeit, forged and base coin, and there is no objection made, that *the person to whom he so uttered it is not stated in the indictment.*

It is also objected, that *it is* not alleged in the indictment, what kind of silver coin it was that the defendant uttered, whether a foreign coin, or a coin of the United States ; nor is it alleged that the silver coin was of the similitude of any silver coin that was passing or in circulation within this State.

The defendant is charged in the indictment, with having falsely and fraudulently *uttered* one piece of base and counterfeit money, made and counterfeited to the likeness and similitude of *legal* and *current silver coin called a dollar*, knowing the same to be counterfeit.

The Statute makes it an offence to forge or counterfeit *any silver coin* which shall be passing or in circulation within this State, and also falsely and fraudulently to *utter* the same, knowing it to be forged or counterfeited.   It is an offence within the Statute to utter any forged or counterfeit silver dollar, *legally current*, whether a foreign or American coin.   The defendant is charged with falsely and fraudulently uttering a counterfeit and forged coin, of the likeness and similitude of a *legal and current silver coin* called

Gentry *vs.* State of Georgia.

a dollar, knowing the same to be counterfeit.    The first section of the 14th division of the Penal Code declares, that " Every indictment or accusation of the Grand Jury, shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this Code, or so plainly that the nature of the offence charged may be easily understood by the Jury."    *Prince,* 658.    We think the Jury had no difficulty in understanding that the counterfeit dollar which the defendant was charged in the indictment with having uttered, was of the likeness and similitude of the silver dollar, made current by the law of Congress in this State, inasmuch as the indictment alleges, that the counterfeit coin was made and counterfeited to the likeness and similitude of a *legal* and *current* silver coin called a dollar.    In our judgment, the objections to the second count in the indictment, as stated in the record, were properly overruled by the Court below.

Let the judgment be affirmed.