In re Truman, on habeas corpus.

*In re* HARRY TRUMAN, *on habeas corpus.*

1. *Crimes and punishments — Counterfeiting U. S. treasury notes, indictable under State or United States courts.*— The passing, with intent to defraud, of a United States treasury note is an offense as well against the State as the United States; and although Congress might, perhaps, by appropriate legislation, render the jurisdiction of the national courts exclusive, still, as it does not appear to have done so, the jurisdiction of the State courts is not suspended. An indictment for such offense is not to be held bad, and the judgment upon it void, for the reason that an indictment would lie, under the laws of the United States, before the national courts, for the same acts as an offense against the United States.

2. *Crimes and punishments—Counterfeiting money obligations indictable under State statute— Construction of statute.*— The Legislature intended, by sections 16 and 21, ch. 202, Gen. Stat. 1865, to make the counterfeiting or passing of counterfeit money obligations, of every class and description, forgery in some of its statutory degrees; and an indictment for passing, with intent to defraud, a United States treasury note, as being an instrument or writing purporting to create a moneyed obligation, may be framed upon section 21 of he statute, setting out therein an offense within the jurisdiction of the State court.

3. *Crimes and punishments — Counterfeiting U. S. treasury notes indictable at common law.*—A counterfeit United States treasury note is a false token, and *semble,* that the fraudulent passing of it as genuine, knowing it to be false, constitutes an indictable cheat at common law. If so, State courts have jurisdiction on that ground, and the jurisdiction is not affected by the fact that the indictment may have been inartificially drawn, erroneously concluding against the statute, or may have been otherwise variously defective and subject to demurrer.—(Per CURRIER, J.)

4. *Crimes and punishments — Counterfeiting U. S. treasury notes — Indictment for not inquired into in habeas corpus proceedings.*— The regularity of an indictment in a State court for passing, with intent to defraud, a United States treasury note, and the rightfulness of the judgment rendered thereon, can not be investigated in a *habeas corpus* proceeding. That can be done alone through proceedings operating directly upon the judgment itself.

5. *Crimes and punishments — Habeas corpus — Prisoner detained under final judgment — Regularity of proceedings not inquirable into.*— Where, in proceedings on writ of *habeas corpus,* under section 38, ch. 155, Gen. Stat, 1865, it appears that the prisoner is detained "by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction," no inquiry into the regularity of the proceedings which resulted in the judgment can be had. For all such errors or irregularities the law provides other remedies. (11 Mo. 661.)

6. *Crimes and punishments— Counterfeiting United States treasury notes not indictable at common law.*—A prisoner can not be indicted and proceeded against for passing, with intent to defraud, a United States treasury note, as for a common-law offense.—(*Per Curiam.*)

*Petition for writ of habeas corpus.*

*Mauro & Jones,* for petitioner.

I. Congress must delegate the power to punish for counter-feiting the securities and current coin of the United States to the States, and the States must pass laws for the purpose, ere the State courts can have jurisdiction of such offenses. Congress has not done so. (1 U. S. Stat. at Large, 78, § 11.) There is no act that does so authorize. ( *Vide* Act of Congress, of April 21, 1866 ; 2 U. S. Stat. at Large, 404, § 4 ; Act of Congress, of March 3, 1825 ; 4 U. S. Stat. at Large, 115, § 26 ; Laws of U. S. 1863–4, p. 221, § 10 *et seq.*)

II. This State has failed to enact any law to carry such power into effect. Under this indictment he was convicted of forgery in the second degree. Sections 3–11, ch. 202, Gen. Stat. 1865 (p. 793 *et seq.*), are not applicable. Section 9 relates exclusively to the making or uttering of notes, bills, drafts, etc., of banks incorporated under the laws of this State or some other State or county.

CURRIER, Judge, delivered the opinion of the court.

At a special term of the Johnson County Circuit Court, Truman was arraigned, tried, and found guilty of forgery in the second degree, upon an indictment charging the passing by him, with intent to defraud, of a fifty-dollar United States compound interest treasury note. He was thereupon sentenced to imprisonment in the State penitentiary for a term of six years, and was thereto committed in accordance with the sentence. He is now brought before this court in obedience to a writ of *habeas corpus,* with a view to his discharge from further imprisonment, upon the ground that the court trying him had no jurisdiction of the offense charged in the indictment.

It is urged in behalf of the prisoner that the courts of the United States, under the national constitution, have exclusive jurisdiction of the supposed offense, at least until Congress shall delegate the power to legislate upon the subject to the States ; that Congress has delegated no such power, and that, if it had,

the State has failed to exercise it by passing laws making the alleged facts an offense. It is therefore insisted that the judgment of the Johnson County Circuit Court in the premises is void and of no effect, and that the imprisonment of Truman is unwarranted and illegal.

The decision of this court in Mattison v. The State, 3 Mo. 421, to which we are referred, has ceased to be an authority of force on the constitutional question therein involved, since repeated contrary decisions by the Supreme Court of the United States, of a later date, have established an opposite doctrine. (Fox v. State of Ohio, 5 How. 410 ; Moore v. State of Illinois, 14 How. 13.) The facts charged in the indictment under consideration are of a nature to constitute an offense as well against the State as against the United States ; and although Congress might, perhaps, by appropriate legislation, render the jurisdiction of the national courts exclusive, still, as it does not appear to have done so, the jurisdiction of the State courts is not suspended. The indictment, therefore, is not to be held bad, and the judgment upon it void, for the reason that an indictment would lie, under the laws of the United States, before the national courts, for the same acts as an offense against the United States. (See 1 Bishop on Crim. Law, par. 613, and the numerous authorities there cited.)

It is claimed, however, that the State has passed no laws making the fraudulent passing of counterfeit treasury notes an offense. Section 9, ch. 202, Gen. Stat. 1865, is pointed to as the only provision of the statute under which the indictment found against Truman can be supposed to have been framed. This section and the preceding one has exclusive reference to paper connected with, issued by, or drawn upon banking corporations, and, as a United States treasury note does not belong to this class of paper, the conclusion is reached that the fraudulent passing of counterfeits of such notes is not a criminal offense under our State legislation. This conclusion does not seem to be warranted, since there are other provisions of the statute bearing upon the subject. In a subsequent section of the same chapter (§ 21) it is provided that " every person who, with intent to defraud, shall pass, utter, or publish as true, any forged, counterfeited, or falsely uttered

instrument or writing, shall, upon conviction, be adjudged guilty of forgery in the same degree" that the law attaches to the counterfeiting of the same instrument; and a previous section (§ 16) declares that the counterfeiting of any instrument or writing purporting to create a money obligation shall be deemed forgery in the third degree, unless a different degree is specifically named. It is very clear that the Legislature intended to make the counterfeiting or passing of counterfeited money obligations, of every class and description, forgery in some of its statutory degrees. If, therefore, the treasury note described in the indictment is an instrument or writing purporting to create a money obligation, within the meaning of the statute, as it appears to be, then, for aught that appears upon the face of the indictment, the pleader may have framed it upon the twenty-first, and not upon the ninth, section of the statute, setting out therein an offense within the jurisdiction of the court. Besides, the counterfeit treasury note was a false token; and did not the fraudulent passing of it as genuine, knowing it to be false, as the indictment charges, constitute an indictable cheat at common law? (2 Bish. Crim. Law, par. 238.) If so, then the court has jurisdiction on that ground, and the jurisdiction is not affected by the fact that the indictment may have been inartificially drawn, erroneously concluding against the statute, and been otherwise variously defective and subject to demurrer.

The twenty-first section of the statute above referred to makes the acts and facts therein alleged forgery in a different degree from that whereof Truman was convicted and sentenced. It may thence be inferred or conjectured that the proceeding was under the ninth section, which provides a penalty correspondent with the conviction. But it is idle to inquire what particular section the court or the prosecuting attorney may have had in mind, since, if the acts and facts charged constitute an offense under any section, or at common law, the court had jurisdiction of it, and the regularity of its proceedings and the rightfulness of the judgment can not be investigated in this collateral way. That can be done alone through proceedings operating directly upon the judgment itself.

The statute under which this writ was issued (Gen. Stat. 1865,

p. 623, par. 33) provides that when a person is brought up on a writ of *habeas corpus*, the court or magistrate shall at once remand such person, when it shall appear that he is detained "by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction." No inquiry into the regularity of the proceedings which resulted in the judgment can be had. For all errors or irregularities occurring therein the law provides other remedies. (11 Mo. 661.) In the case at bar it appears that the Johnson Circuit Court is a court of general civil and criminal jurisdiction, and competent to try all offenses known to the laws of this State. It had jurisdiction of the person of Truman, and, as we think, also of the offense springing out of the facts charged upon him in the indictment under which he was arraigned.

He must, therefore, be remanded to the custody of the officer having him in charge, under the judgment and sentence of the Johnson County Circuit Court. The other judges concur.

We concur in the above opinion, but do not wish to be understood as assenting to any proposition that the defendant could have been indicted and proceeded against as for common-law offense.　　　　　　　　　　　　　　DAVID WAGNER,