*Ex parte* GEISLER.

(*Circuit Court, N. D. Texas.* June, 1882.)

COUNTERFEITING—JURISDICTION OF STATE COURTS.

The judiciary act of 1789, § 11, provides for the exclusive cognizance by the United States courts of all offenses against the laws of the United States, unless such laws otherwise direct. Act Cong. 1825, § 20, (Rev. St. U. S. § 5457,) and section 26, (Rev. St. U. S. § 5328,) providing for the punishment of the counterfeiting of coin, declare that "nothing in this act shall be construed to deprive the courts of the individual states of jurisdiction of the laws of the several states over offenses made punishable by this act." *Held,* that the state courts have power to punish counterfeiting under the state statutes.

Petition by Adam J. Geisler for Writ of *Habeas Corpus.*

Article 463, Pen. Code Tex., declares:

"If any person, with intent to defraud, shall pass, or offer to pass, as true, or bring into this state, or have in his possession, with intent to pass as true, any counterfeit coin, knowing the same to be counterfeit, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

The petitioner was indicted in the district court of Grayson county, Tex., for a violation of this article of the state law, was tried and convicted, and sentenced by the court, in pursuance of the verdict of the jury, to imprisonment in the state penitentiary for the term of two years. He now seeks discharge from imprisonment, on the ground that the court by which he was tried and sentenced had no jurisdiction of the offense with which he was charged, and of which he was convicted.

*S. W. Miner,* for petitioner.

WOODS, Circuit Justice. The ground upon which the jurisdiction of the state court is denied is that the offense charged was an offense cog-

nizable under the authority of the United States, and that the courts of the United States have exclusive jurisdiction thereof. The judiciary act of 1789, § 11, (1 St. p. 78,) provides that the circuit courts shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except when this act otherwise provides or the laws of the United States shall otherwise direct. The petition for *habeas corpus* is based on this section. After the passage of the act of 1789, to-wit, on March 3, 1825, an act was passed entitled "An act more effectually to provide for the punishment of certain crimes against the United States, and for other purposes." 4 St. p. 115. The twentieth section of this act declared it to be an offense to pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, as true, any false, forged, or counterfeited coin, in the resemblance or similitude of the gold or silver coin which had been or might hereafter be coined at the mint of the United States. This section, with a slight amendment incorporated therein by the acts of February 12, 1873, (17 St. p. 434,) and the act of January 16, 1877, (19 St. p. 223,) is still in force, and constitutes section 5457 of the United States Revised Statutes. The twenty-sixth and last section of the act of 1825 declared:

"Nothing in this act contained shall be construed to deprive the courts of the individual states of jurisdiction of the laws of the several states over offenses made punishable by this act."

This section is still in force, and appears, in substance, as section 5328 of the United States Revised Statutes. Conceding what is unquestionably well settled, that congress may exclude the jurisdiction of the courts of the states from offenses within the power of congress to punish,—*Houston* v. *Moore*, 5 Wheat. 1; *The Moses Taylor*, 4 Wall. 411; *Martin* v. *Hunter*, 1 Wheat. 304; *Com.* v. *Fuller*, 8 Metc. (Mass.) 313, —it appears, in respect to the offense of which the petitioner stands convicted, not only that congress has not excluded, but on the contrary has expressly reserved and recognized, the jurisdiction of the state courts. The district court of Grayson county had therefore jurisdiction to try and sentence the petitioner for the offense with which he was charged, and whereof he was convicted, and his imprisonment under such sentence is lawful. The petition for the writ of *habeas corpus* must therefore be denied.