NASTASI *v.* ADERHOLD, Warden.

No. 15560. SEPTEMBER 5, 1946.

238

*T. Ross Sharpe,* for plaintiff.

WYATT, Justice. (After stating the foregoing facts.) The record raises but a single question for determination: Whether the Superior Court of Fulton County, upon the facts alleged in the indictment, had any jurisdiction over the subject-matter.

The fifth and sixth clauses of the eighth section of the first article of the Constitution of the United States invest Congress with the power to coin money, regulate the value thereof and of foreign coin, and to provide for the punishment of counterfeiting the current coin of the United States. It is urged by the plaintiff in error that since the Constitution delegates to Congress the power to coin money and to punish for counterfeiting the coin of the United States, the States are divested of such authority, as well as the authority to punish for passing counterfeit coin.

In *Rouse* v. *State,* 4 *Ga.* 136, the question here presented was discussed by Judge Lumpkin, but the court expressly withheld any opinion as to whether an indictment would lie for "passing" counterfeit coin, the question not having been raised in the bill of exceptions.

In *Gentry* v. *State,* 6 *Ga.* 503, the same question was raised to an indictment charging the defendant with "fraudulently and falsely tendering in payment" a counterfeit coin. The court dismissed the objection with the following ruling: "The answer to the first ground taken is, that the defendant was not indicted for *counterfeiting* the current coin of the United States, and, therefore, the question of jurisdiction by the State courts to punish for counterfeiting such coin is not made by the record." Apparently the court made the distinction, which had been discussed in the *Rouse* case, between the authority of the State courts to punish for *counterfeiting* and the authority to punish for *passing* counterfeit coin.

Other jurisdictions have made the same distinction, holding that, while the Federal courts may have exclusive jurisdiction over the crime of counterfeiting, State courts may exercise jurisdiction over the crime of passing counterfeit coin. Fox v. Ohio (1847), 5 How. 410 (12 L. ed. 213) ; State v. Brown, 2 Ore. 221; Mattison v. State, 3 Mo. 421. Other cases make no such distinction, holding that the State courts may punish for the crime of counterfeiting as well as passing counterfeit coin. Chess v. State (Ind., 1822), 1 Blackf. 198; State v. McPherson (1859), 9 Iowa, 53; Martin v. State (1885), 18 Tex. App. 224.

In *Jones* v. *Hicks,* 150 *Ga.* 657, 659 (104 S. E. 771, 11 A. L. R. 1315), the court, in holding that the eighteenth amendment to the Constitution of the United States and the "National prohibition act" did not supersede or abrogate the State prohibition act, said: "As early as 1843 it was said by the Supreme Court of Michigan: 'In the 82d number of the Federalist, it is stated that the State governments would clearly retain all their original rights of sovereignty which were not by that Constitution exclusively delegated to the Union. The alienation of State power or sovereignty would exist only in three cases: First, when the Constitution in express terms granted an exclusive authority to the Union; secondly, when it granted in one instance an authority to the Union, and in another prohibited the States from exercising the like authority; and thirdly, when it granted an authority to the Union, to which a similar authority in the States would be absolutely and totally contradictory and repugnant. This early exposition of the Constitution has been repeatedly and uniformly approved by subsequent writers on the subject of constitutional law. 1 Kent's Com. 387; Calder v. Bull, 3 Dall. R. 386 (1 L. ed. 648) ; Sturges v. Crowninshield, 4 Wheat. R. 193 (4 L. ed. 548) ; Houston v. Moore, 5 Wheat. R. 1 (5 L. ed. 19) ; 3 Story on Const. 619; Serg. Const. Law, 275. And it is affirmed by the same authorities, that a mere grant of power in affirmative terms does not, per se, transfer exclusive sovereignty on such subjects to the Union. In all cases not falling within either of the classes already mentioned, the States retain either the sole power, or a power which they may exercise concurrently with Congress. This results not only from the general principles on which the Union is founded, but is within the letter of the tenth article of the amendments to the Constitution,

which declares that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." Harlan v. People, 1 Doug. (Mich.) 211. In this case it was held that the several States, concurrently with Congress, may exercise the power of punishing counterfeiting of the current coin of the United States. The ruling has been followed in a number of other cases. State v. Pittman, 1 Brev. (S. C.) 32 (2 Am. D. 645) ; State v. Antonio, 3 Brev. (S. C.) 562; In re Truman, 44 Mo. 181, wherein an earlier decision to the contrary, Mattison v. State, 3 Mo. 421, was overruled; Fox v. Ohio, 5 How. 410 (12 L. ed. 213) ; Cross v. N. C., 132 U. S. 131 (10 Sup. Ct. 47, 33 L. ed. 287) ; contra, Rouse v. State, 4 Ga. 136; State v. Brown, 2 Oregon 221."

18 U. S. C. A., § 277, makes the passing of counterfeited gold or silver coins a crime. The wording of the section is somewhat similar to the provisions of the Georgia law under which the plaintiff in error was indicted. By 18 U. S. C. A., § 547, it is provided: "Nothing in sections 1 to 553 [which includes § 277 above referred to] . . of this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." Accordingly, the case of passing counterfeit coin of the United States is expressly excepted by statute from the law giving exclusive jurisdiction to the United States courts of offenses against the laws of the United States. See, in this connection, Fox v. Ohio, 5 How. 410 (12 L. ed. 213) ; Houston v. Moore, 5 Wheat. 26 (5 L. ed. 25) ; Sexton v. California, 189 U. S. 319 (23 Sup. Ct. 543, 47 L. ed. 833) ; Ex parte Geisler, 50 Fed. 411.

If, as contended by counsel for the plaintiff in error, the Constitution of the United States by a delegation of power to Congress has divested the States of authority to punish for counterfeiting, a sufficient answer to this contention is, as stated in Fox v. Ohio, supra, that there exists an obvious difference between the offenses of counterfeiting and passing counterfeit coin. The former is an offense directly against the government, by which individuals may be affected; the other is a private wrong, by which the government may be remotely reached. The language of the Constitution is limited to the facts or to the faculty in Congress of coining and of stamping the standard of value upon what the government creates or shall adopt, and of punishing the offense of producing a false

representation. It does not forbid the exercise by the States of jurisdiction of punishing for cheats that may be perpetrated by passing counterfeit coins.

For the reasons stated, the court did not err in refusing to release the petitioner. *Judgment affirmed. All the Justices concur.*