33014.   WILLIAMS *v.* THE STATE.

DECIDED JUNE 7, 1950.

*William J. Neville, W. G. Neville,* for plaintiff in error.

GARDNER, J. ■ It is our opinion that the circumstances surrounding the operations of the defendant, together with his flight, were amply sufficient to sustain the jury's verdict of guilty. See a full discussion of the same situation in the case of *Williams* v. *State,* ante, 748. There is no merit in the general grounds.

■ Special ground 1, complains of the charge of the court in regard to flight, the court charging the following excerpt: "Flight may be considered by the jury as a circumstance to prove the guilt or innocence of the accused." Error is assigned on this excerpt for the reason that it is contended that by such charge the court gave the jury a definite instruction that flight had a probative value as to the guilt or innocence of the accused, when in fact the evidence of flight should only be considered by the jury as a mere circumstance, along with all of the evidence in the case, not for the purpose of proving the guilt or innocence of the accused, as charged by the court.

The court's full charge on this point was as follows: "I charge you further, gentlemen, the law of flight. Flight may be considered by the jury as a circumstance to prove the guilt or innocence of the accused. Every man, however guilty, has a right to shun an illegal arrest though, by flight. But now that is merely a circumstance, gentlemen, for you to take into consideration in proving the innocence or guilt of the accused." Whether flight is reasonable and satisfactorily explained is a question for the jury. *Smith* v. *State,* 46 *Ga. App.* 351; *Loughridge* v. *State,* 63 *Ga. App.* 263. We think that the court put the flight of the defendant on a basis for the jury to fairly determine whether such flight indicated guilt or innocence, which is always the ultimate province of the jury. Counsel for the defendant have cited us to no authority to sustain the contention that the charge of the court was harmful and prejudicial to the

defendant, and requires a reversal. This special ground is without merit.

Special ground 3, goes to the contention that the court failed to charge the form of the verdict. We have covered this point fully in the case of *Williams* v. *The State,* ante. This ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*