## 29430. ANDERSON v. THE STATE.

Undercofler, Presiding Justice.

Charles Anderson, alias Lawrence Anderson, was convicted on four counts of armed robbery and one count of criminal attempt to commit armed robbery. The jury sentenced him to a total of ninety years imprisonment. The verdict and sentence were made the judgment of the court. The evidence shows that on October 26, 1973, about 1:35 a.m. a man robbed the Squire's Inn in Atlanta with a silver plated revolver. About an hour later the Ramada

Inn in Hapeville was robbed by a man carrying a silver plated revolver. The descriptions of the robber given by the victims were the same.

On October 29, 1973, at about 11:00 p.m. a robber entered the Ritz Hotel in Atlanta with a silver colored pistol and robbed the desk clerk of a certain amount of money. The robbery was witnessed by a hotel bellboy who followed the perpetrator to the front of the hotel, recognized him as one whom he had seen a few hours earlier in a bar, identified the vehicle he escaped in, and recorded the license number of the vehicle. A description of the robber was given to the police. The vehicle was registered in the name of Charles Anderson.

About 11:30 p.m. the same night, a man entered the lobby of the Peachtree Motel in Atlanta and robbed the night auditor. He left the motel in a late model car and the man was described to the police officers.

Less than a half-an-hour later a man similarly dressed entered Stouffer's Inn in Atlanta. An off-duty Atlanta policeman, Officer R. W. Graham, was working as a security guard there. Officer Graham was in plain clothes and was talking with the night manager at the desk when the man entered the inn. The officer took four or five steps away to allow the man access to the desk. The man drew a silver colored, nickel plated revolver from his belt and demanded money. The night clerk opened the drawer and found no money. She stepped aside. Officer Graham with his weapon drawn, stepped back to the counter, held his weapon against the man's head and told him to drop his gun. He dropped his gun and was taken into custody. He was advised of his constitutional rights but was only questioned as to identification. When the man refused to identify himself, Officer Graham searched his body looking for identification and found $418. As the man was being taken to the patrol car, money began falling from both his pant legs. A total of $605.46 was on the person of the robber.

The next morning a line-up was conducted at the police station. The appellant was advised that he had the right to object to the line-up but he stated that he wanted to be viewed because he had done nothing. He was allowed to select the clothing he wanted to wear and to select a

position in the line-up. There were six other similar men in the line-up. The appellant was selected by all of the viewers independently of each other as the man who perpetrated the robberies. The viewers were the victims and witnesses to the robberies for which the appellant was on trial. Two of the victims subsequently identified the appellant from a group of six photographs. *Held:*

1. The evidence was sufficient to support the verdict, was not decidedly and strongly against the weight of evidence, and was not contrary to law and the principles of justice and equity. It follows that the trial court did not err in overruling the motion for new trial on the general grounds.

2. The appellant contends that the line-up identification was unfair. We do not agree. The line-up was conducted properly and the in-court identification was not tainted thereby.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED DECEMBER 2, 1974 — DECIDED JANUARY 8, 1975.

*W. J. Stanley,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.