## 51655. DANIELS v. THE STATE.

CLARK, Judge.

Defendant was indicted for credit card theft in that he "did withhold a credit card, to wit: Sears Credit Card . . . from the custody of Kenneth A. Wright without the cardholder's consent, with intent to use it." Defendant was tried before a jury and convicted. He brings this appeal from the denial of his amended motion for a new trial and from the judgment. *Held:*

1. The state has presented a motion to dismiss this appeal, alleging that defendant is unlawfully outside the jurisdiction of the court. The record reveals, however, that defendant did not escape from confinement, but rather was lawfully and unconditionally released from prison. As the state has not presented any cogent reason for the denial of defendant's right to appeal, the motion to dismiss is hereby overruled. See generally, *Yates v. Brown,* 235 Ga. 391 (219 SE2d 729).

2. In passing upon the general grounds, we summarize the facts of the case as follows: Kenneth Wright's car was broken into and a .folder containing several of his credit cards was stolen. Kay Hewell, a credit interviewer for Sears Roebuck Co., testified that a young black male possessing a folder of credit cards presented Wright's Sears card and attempted to purchase a stereo system. Although she was unable to identify defendant at trial, she had, at the time of the attempted transaction, pointed out the perpetrator to the customer service manager, Jerry Council. Council testified at trial and identified defendant as the person who was pointed out to him by Kay Hewell. Council chased defendant, who had run from the store, and apprehended him with the aid of the police. Defendant then told the police where he had thrown the folder containing the other stolen credit cards. At trial, defendant denied that he was the person attempting to use the Sears card. He contended that he had gone to Sears with Robert Lee Holmes, a schoolmate, and that it was Holmes who had tried to use the credit card. Defendant asserted that Holmes had handed him the folder of credit cards after the Sears card had been removed and that he ran from the store out of fear when he realized that his cohort was engaging in illegal conduct.

We agree with defendant's contention that the state's evidence was wholly circumstantial. The sole witness to the possession and attempted use of the Sears credit card was Kay Hewell, who could not identify defendant at trial. And while Council did identify defendant at trial as the person pointed out to him by Kay Hewell, he never saw defendant in possession of the credit card. Thus, the crucial link between defendant and the possession of the credit card was established indirectly and by circumstantial evidence. See Code Ann. § 38-102.

Having carefully reviewed the record of this case, we nevertheless conclude that a reversal on the general grounds is not warranted under the facts presented here. "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excludes every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence." *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488). We cannot say,

as a matter of law, that the state's evidence did not exclude every other reasonable hypothesis save that of the guilt of the accused. The issue of guilt or innocence was for the jury to determine. See *McConnell v. State*, 235 Ga. 366 (220 SE2d 5). Accordingly, this enumeration is without merit.

3. At the conclusion of the district attorney's closing argument to the jury, defense counsel objected to a portion of the argument as improper and requested an opportunity to "correct it" by rearguing to the jury. In denying this request, the trial judge indicated that it would be overly time-consuming and stated, additionally, that "it's not in the rules to permit that." Defendant asserts error upon this ruling, contending that the judge failed to exercise his discretion.

"This court has held repeatedly that the failure to exercise discretion when the law vests discretion in a judge, is reversible error. This is made very clear in those cases where the judge lets it be known that he does not think he has any discretion. . ." *Brown v. State*, 133 Ga. App. 56, 60 (209 SE2d 721). Here, however, the record indicates that the judge did exercise discretion and that he based his ruling on the belief that reargument would be unnecessary and overly time-consuming. In addition, the transcript does not contain the argument objected to and we have no way of determining whether it was in fact improper. Thus, we are unable to discern whether a judicial exercise of discretion was in fact necessary under the circumstances. We therefore find no basis for the grant of a new trial on this ground.

4. Defendant's remaining enumeration presents an issue of first impression for this court. In compliance with the provisions of Code Ann. § 70-207 (b), the trial judge informed counsel, prior to closing arguments, of his proposed action upon the requested jury instructions. Defense counsel had previously requested a charge on circumstantial evidence which the district attorney opposed on the ground that the evidence was direct rather than circumstantial. After a discussion as to the type of evidence presented by the state, the judge stated that he would not give the circumstantial evidence instruction. Closing arguments were presented and the court then

gave its jury charge, which included the previously rejected instruction. Defendant's counsel now argues that the judge's prior refusal of the charge restricted his closing argument and denied him the benefit of arguing the circumstantial evidence rule to the jury.

This court has previously considered instances in which the trial judge has failed to inform counsel of the charges he intended to give. See, e. g., *Smith v. Poteet*, 127 Ga. App. 735, 742 (8) (195 SE2d 213); *Braswell v. Owen of Ga., Inc.*, 128 Ga. App. 528, 530 (3) (197 SE2d 463); *Seaney & Co. v. Katz*, 132 Ga. App. 456 (208 SE2d 333). In deciding the questions presented in those cases, this court has in each instance sought guidance from the federal decisions. This is because Code § 70-207 (b) is an adoption of Rule 51 of the Federal Rules of Civil Procedure. See also Rule 30, Federal Rules of Criminal Procedure. We once again look to the federal cases in deciding the issue presented here.

The requirement that the judge inform the parties prior to final argument of his action on the requested charges is designed to enable the attorneys to argue their case to the jury intelligently and on the basis of the guiding legal principles under which the argument should be made. Dallas R. & Terminal Co. v. Sullivan, 108 F2d 581 (5th Cir. 1940); Dunn v. St. Louis-San Francisco R. Co., 370 F2d 681 (10th Cir. 1966); Hetzel v. Jewel Cos., 457 F2d 527 (7th Cir. 1972). It follows that where the trial judge misleads counsel as to the intended charge, a severe injustice may result and "counsel should be given the opportunity, if justice requires, to reargue the facts in the light of the changed law of the case." Downie v. Powers, 193 F2d 760, 767 (10th Cir. 1951).

The federal courts have not, however, adopted the rigid rule that all errors of this sort require a new trial. Rather, the courts have fashioned a pragmatic solution to the problem. The leading decision in this area is Terminal R. Assn. of St. Louis v. Staengel, 122 F2d 271 (8th Cir. 1941), cert. denied, 314 U. S. 680, whose facts are strikingly similar to those presented here. The trial judge initially refused a requested instruction, but after closing arguments he determined that a portion of the request should be included in the charge. There, as here, the

appellant was denied the opportunity to pattern his argument in accordance with the applicable law which was later charged. We quote at length from the Staengel decision, and adopt the rule which that case advanced:

"This creates a troublesome situation which must be handled in a practical way. On one side is the important consideration that the court should be free, up to the time of charging the jury, to make the charge as he thinks it should be. It is not unusual, that the arguments themselves bring out matters which affect the charge to be given. Also, it is established law that the court may refuse a requested instruction as a whole and then include a portion thereof in the charge. On the other hand, the Rule contemplates that counsel shall be informed, in so far as they have requested by instructions, what the court will charge so that they may pattern their arguments to fit the charge as given later.

"To prevent the exercise of the above functions by the court, at the penalty of voiding the trial, does not promote justice if there is any practical way to avoid such result and, at the same time, protect the rights of the litigants. To afford the above protections both to the court and to the parties, we think the practical solution is as follows. Where the court, in its charge, includes matter contained in a rejected request, the party or parties affected thereby should. . . call the attention of the court to the specific matter and request the right to argue that particular matter to the jury. . . Such a solution will afford opportunity to obviate granting new trials or making errors which *may* be prejudicial. Here no request to reargue was made by counsel who treated the situation as static. Counsel is not to be criticized for failing to make this request since this provision of the Rule is novel and he had no precedent to guide him. However, this is no reason to require a retrial which could have been saved by the aforestated natural procedure." Terminal R. Assn. of St. Louis v. Staengel, supra, p. 278.

Subsequent decisions in the federal courts have uniformly followed the Staengel rule requiring the misled attorney to request to reargue his case to the jury. See Eulo v. Deval Aerodynamics, Inc., 47 FRD 35 (E. D. Penn. 1969); United States v. Shirley, 435 F2d 1076 (7th Cir.

1970). Since counsel for the defendant here made no request to argue the circumstantial evidence rule to the jury, we conclude that the initial rejection of the requested instruction is not, by itself, a proper basis for the grant of a new trial.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED JANUARY 26, 1976.

*Wilkinson & Wallace, Charles L. Wilkinson, III,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.