## 58844. GARRETT v. THE STATE.

BIRDSONG, Judge.
Robert L. Garrett was convicted of aggravated assault and sentenced to serve eight years. Garrett brings this appeal enumerating six alleged errors. *Held:*

1. In his first three enumerations of error, Garrett asserts that the verdict and judgment are erroneous on the general grounds. Though the facts are in dispute, the jury could reasonably conclude from the evidence adduced that the victim's adult son, Lee Day, damaged the vehicle of appellant's brother, Donald Garrett, while the cars were in a night club's parking lot. Lee Day's ability to pay for the damages was questionable. The appellant was positively identified as coming to the home of the victim Mr. Alvious Day, at about 2:00 a.m. the same night complaining about the accident and demanding $1,500 from Mr. Day to reimburse Donald for his pecuniary loss caused by Lee's accident. When Alvious Day denied any responsibility for Lee's action, appellant went to an automobile, immediately returned with a hand gun and fired twice inside Mr. Day's living room, the second shot

being fired after appellant had pointed the gun at the victim but as the gun was deflected away. No injuries occurred. Appellant defended based upon alibi. The evidence of the primary issue, appellant's identity, was in conflict, the jury resolved that issue against the appellant and after considering all the evidence presented, we are satisfied that any rational trier of fact could have found the essential elements of the crime beyond any reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The allegations of insufficiency of the evidence is without merit. *Anderson v. State,* 233 Ga. 464 (211 SE2d 754).

2. In enumeration of error no. 4, Garrett complains that the court erred in allowing alleged hearsay testimony by the victim's wife that Garrett had shot a gun in the house. This enumeration is without merit. The state's witness testifying to the conversation had just previously testified that he had received a bullet from the lady and that he was conducting a lineup which the witness desired the victim's wife to view. Moreover, the objection offered did not state any ground for the objection other than to complain that it did not tend to explain conduct when the state sought to sustain its admissibility on that basis.

We consider the evidence as relevant to explain why the state's witness accepted a spent bullet from the victim's wife and also to show why it was desired for the eyewitness to participate in a lineup review. The police officer's conversation with the victim's wife properly was admitted to explain the witness' conduct and as such was not hearsay. *English v. State,* 234 Ga. 602 (216 SE2d 851). Moreover, the trial court does not err in overruling an objection made on nonspecific grounds and not made with that degree of particularity sufficient to point out the specific rule of evidence violated. *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773).

3. In his fifth enumeration of error, Garrett urges that it was error for the trial court to disallow a hypothetical question tending to show that a lineup was impermissibly suggestive. The proposed question hypothesized facts that the investigating officer showed the victim's wife a picture of the appellant and told her,

"This is the man that was out there" and thereafter obtained an identification. Objection was taken to the context of the question and specifically that the investigating officer did not state to the victim's wife that Garrett was the man there that night. Our search of the transcript shows that the objection taken by the state was proper. Circumstantially the conclusion was inevitable that Garrett was indeed the person in the home, but there is no evidence that the investigating officer made such a statement to the victim's wife. The trial court did not foreclose the questioning on this point but merely sustained the objection that the particular question did not have a proper factual predicate. The trial court did not err, for even an expert is not permitted to give his opinion, in answer to a hypothetical question, based upon facts not placed in evidence by other witnesses. *Braswell v. Owen of Ga.*, 128 Ga. App. 528, 529 (1) (197 SE2d 463). This enumeration is without merit.

4. In his last enumeration of error, appellant poses a unique question. The substance of this enumeration is found in the violation by a juror of her oath that following a communication with a third person about the case she did not immediately disclose the communication. The bare statement of the irregularity is that a person did talk to a juror during deliberations and that the juror did not report the conversation to the state or the judge until four hours after the verdict of guilty. This communication is not made a matter of the transcript of the trial proper. It was disclosed by the state to a different trial judge during a post trial hearing on the motion for a supersedeas bond pending appeal. The disclosure is couched in the sketchiest of terms and basically admits only that a juror some four hours after verdict reported to the prosecutor and trial judge that another juror had been telephonically contacted by a person connected with the defendant, and the communication informed that juror that contrary to Garrett's testimony of alibi, Garrett had been present and fired the gun, but had done so only to scare the victim. The trial court requested briefs to be submitted on the motion for new trial at which this issue was raised. It would appear from the state's brief that a hearing on this matter was conducted with witnesses called. The state's brief

alleges that this hearing disclosed that appellant Garrett requested his sister to contact a juror through a circuitous route (the sister's husband to the husband's brother and through that brother-in-law to the juror in question). The appellant's sister instead contacted the juror directly and allegedly stated that appellant had called and stated that he did not think he should be "sent up" for an insignificant occurrence where no one was hurt. The appellant's sister also allegedly stated she told the juror that the juror should decide the case in her own conscience and regardless of the outcome, "they would still be friends." The juror herself allegedly testified the conversation had no effect on her verdict and that she told no one about the conversation until after the verdict was returned. All these allegations stand unrebutted by defendant in his brief. In its ruling on the motion for new trial, the trial court indicated an awareness of the facts alluded to in the state's brief. In its order denying the motion for new trial on this ground, the court concluded the state had carried its burden of showing that no prejudice had occurred, that the contact was harmless, and there had been no irregularity by the juror contacted. Lastly, the court concluded that if there was error in the contact, it was induced and created by Garrett's own actions and was designed to benefit Garrett.

We are aware that assertions of counsel in a brief as to the *testimony* of witnesses in the trial below cannot take the place of the record or transcript. *Dual S. Enterprises v. Webb,* 138 Ga. App. 810, 816 (227 SE2d 418). Nevertheless, the brief of the state was submitted to and considered by the trial court on the motion for new trial. In that brief, it is asserted that a hearing, an *occurrence* was held, apparently attended by Garrett. It is asserted that the defendant's (Garrett's) sister was called as a witness as was the errant juror and that both *testified* without contradiction, and that Garrett was afforded the opportunity to explain or rebut the testimony.

We will follow the rule that this court may not consider the assertions of counsel in their briefs which attempt to establish testimony but are not supported by either the record or transcript. Nevertheless, the hearing on the supersedeas bond is before us and the transcript of

that hearing indicates the juror contacted was contacted by one of Garrett's relatives. Garrett apparently was present at the supersedeas hearing and did not contradict or rebut the statement by the district attorney. Though the state's revelation does not indicate whether Garrett sought the contact, he did not disavow the impropriety. Under such circumstances, we do not find the conclusions by the trial court in its order denying a new trial and holding that the contact was induced by Garrett and was beneficial to him, to be unreasonable conclusions. Induced error is impermissible and furnishes no ground for reversal. *Drake v. State,* 142 Ga. App. 14, 16 (1) (234 SE2d 825). Lastly, we are made aware by the briefs of counsel that a hearing (a procedure shown by brief, rather than testimony) into the contact of the juror was conducted by the trial court prior to the denial of the motion for new trial. As previously noted herein, that hearing was not transcribed and is not before this court. " '[T]he Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of *existing* transcripts or documents, *available in the trial court,* is not ground to refuse consideration of the enumerated errors on their merits.' [Emphasis supplied.] *Interstate Financial Corp. v. Appel,* 233 Ga. 649, 651 (212 SE2d 821). Since it does not appear that the documents, if 'existing,' are 'available in the trial court,' there is nothing which this court can order sent up for our consideration.

"Since the trial court passed on the . . . [evidence] we must assume, absent the availability to us of this evidence, that he properly exercised his judgment and discretion in denying the motion . . . [for new trial]." *Sheppard v. State,* 138 Ga. App. 597, 598 (1) (226 SE2d 744). See *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346, 348 (3) (236 SE2d 16). Though such an unauthorized communication clearly is erroneous (see *Hendricks v. State,* 108 Ga. App. 259 (2) (132 SE2d 845)), in the absence of a transcript, appellant has not demonstrated any prejudice in a contact apparently induced by him and made for his benefit. It is an old and sound rule that error to be reversible must be harmful. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). We find this enumeration to be

without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted November 19, 1979 — Decided January 24, 1980 — Rehearing denied February 11, 1980 — 

*Glyndon C. Pruitt,* for appellant.
*Frank C. Mills, III, District Attorney,* for appellee.