## 59696. EZZARD v. THE STATE.

SMITH, Judge.

Vernon Ezzard was found guilty of burglary, armed robbery, robbery by intimidation, attempted armed robbery, false imprisonment, simple assault and violation of the Georgia Firearms and Weapons Act. We affirm.

1. The record shows that this case was called for trial on July 9, 1979; that appellant's counsel was in the hospital at the time of the call; that appellant expressed his desire to have the case tried as soon as possible; and that a public defender was appointed at appellant's request to represent him in conjunction with his retained counsel. The trial was then set for July 23 but was postponed because appellant then desired to have his retained counsel present. The trial

was finally commenced on August 20.

Appellant contends that the appointment of the public defender by the trial court interfered with his right to be represented by counsel of his own choosing. This contention is without merit since appellant requested that counsel be appointed for him by the court. *Coates v. Lawrence,* 193 Ga. 379 (1a) (18 SE 685) (1942).

Appellant makes several other allegations regarding the conduct of the State and the public defender, none of which, however, are supported by the record or the transcript. " 'The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error.' [Cits.]" *Wyche v. State,* 147 Ga. App. 874 (250 SE2d 581) (1978). Therefore, appellant's first and fifth enumerations of error are without merit.

2. Appellant also cites as error the trial judge's failure to recuse himself. Appellant contends that the "rancor" between the judge and his retained counsel became apparent to the jury and predisposed the judge against his alleged indigency. In support of this contention, appellant cites the trial court's denial of appellant's request for a court-appointed handwriting expert. This request was "directed to the sound discretion of the trial judge. No abuse of this discretion has been shown." *Goodwin v. Hopper,* 243 Ga. 193, 196 (253 SE2d 156) (1979).

There is no evidence to support appellant's contention that the alleged "rancor" between his retained counsel and the judge in any way impaired his right to obtain a fair trial. Appellant's counsel engaged in a self-described "zealous" representation of his client, and the trial judge properly cautioned counsel when he exceeded the bounds of propriety. Nothing in the record or transcript shows any bias or predisposition on the part of the judge other than to proceed in an orderly fashion with the trial of the case. See *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975). Therefore, appellant's second and seventh enumerations of error are not meritorious.

3. This case involves a bank robbery by two masked men. One of the State's witnesses, although unable to identify the perpetrators, referred to them as "robbers," a term which the prosecutor picked up and also began using in reference to the perpetrators of the crime. Appellant contends he was prejudiced by the use of this term. However, at no time did either a State's witness or the prosecutor refer to appellant as a "robber." Furthermore, the trial court specifically instructed the jury that they were not to be influenced by the terminology employed by the State. Appellant's third enumeration of error is without merit.

4. Appellant asserts as error the State's "display" of several exhibits before the jury which were not introduced as evidence.

These exhibits were placed at the end of the prosecutor's table furthest from the jury. The transcript shows no effort to call attention to these items, to improperly display them before the jury or to make reference to them beyond that normal to a trial. Appellant's fourth enumeration of error is meritless. See *Roberts v. State,* 242 Ga. 634 (2) (250 SE2d 482) (1978).

5. Appellant further contends that the court failed to give him sufficient time to review material provided by the State under a Brady motion. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The record and the transcript indicate that appellant's motion was filed on the morning of the trial; that his court-appointed counsel had reviewed the State's file approximately one month prior to the trial; that appellant's retained counsel was granted time to review the State's file prior to the commencement of the trial; and that counsel was granted additional time to examine the State's file after the jury had been struck. Since appellant was granted total access to the State's file, his sixth enumeration of error is meritless. See *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974).

6. After a Jackson-Denno hearing, the trial court determined to be voluntary a written statement made by appellant to a police officer after his arrest. "The trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence [relating to whether or not appellant actually made and signed the statement], was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673) and was not error." *Smith v. State,* 146 Ga. App. 444, 445-446 (1) (246 SE2d 454) (1978); see *Berryhill v. Ricketts,* 242 Ga. 447 (2) (249 SE2d 197) (1978).

7. Appellant's ninth enumeration cites as error the trial court's refusal to charge on abandonment of attempt, which deprived appellant of a reasonable argument to the jury, and then after argument, making the charge. " 'Where the court, in its charge, includes matter contained in a rejected request, the party or parties affected thereby should . . . call the attention of the court to the specific matter and request the right to argue that particular matter to the jury . . . Such a solution will afford opportunity to obviate granting new trials or making errors which *may* be prejudicial.' " *Daniels v. State,* 137 Ga. App. 371, 375 (224 SE2d 60) (1976). Appellant's counsel made no request for the opportunity to argue the doctrine of abandonment of attempt to the jury. Therefore, the initial rejection of appellant's requested charge was not, by itself, a proper basis for the grant of a new trial. *Daniels,* supra.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued April 15, 1980 — Decided September 8, 1980.

*Scott McLarty,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.