## 65034. HOLLOWAY v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of armed robbery. He was identified by an employee of the building he entered, and from which he obtained the contents of the cash box and safe. He was also identified by two young witnesses who saw him in the immediate vicinity of the place where he was apprehended by police, after having gone under a house and having attempted to hide a bank money container and other items. He enumerates eight special grounds of alleged error.

1. The defendant testified in his own behalf that he was innocent; that he had oberved a man running past a house who threw something under it; that he observed police and when they left crawled under the house and found the stolen articles, and that the police thereupon came up and arrested him. Asked about a roll of bills in his hand, he explained that that was money he had obtained by pawning a ring in Florida. He was handcuffed and given his Miranda rights. On cross-examination he was then asked: "When this happened, did you tell them what you had just seen?" On objection, the jury was excused and defense counsel moved for a mistrial on the ground that the defendant's silence could not be used as evidence of guilt. The objection was sustained and, at the suggestion of the assistant district attorney, the jury was instructed that one's silence is not evidence of guilt. United States v. Hale, 422 U. S. 171 (95 SC 2133, 45 LE2d 99) (1975). The instructions were ample, particularly in view of the fact that the question was not answered. *Kitchens v. State,* 150 Ga. App. 707 (258 SE2d 544) (1979). The fact that the state's attorney encouraged the giving of such instructions, outside the presence of the jury, does not render them ineffective.

2. It was not error, after correctly stating that the State

contended the defendant fled the scene of the alleged crime, to state the "flight is subject to explanation." *Williams v. State,* 81 Ga. App. 751 (2) (59 SE2d 745) (1950).

3. The charge on alibi, taken from pattern jury instructions, was not burden-shifting. *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911) (1969); *Young v. State,* 225 Ga. 255 (167 SE2d 586) (1969); Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

4. The competency of a child as a witness is within the discretion of the court, upon whom the decision rests to decide whether he understands the nature of an oath. Code § 38-1607; *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520) (1976); *Cain v. State,* 144 Ga. App. 249 (240 SE2d 750) (1977). The fact that the court responded to a question intimating that a child witness was incompetent by stating, "Yes, sir. Ten years of age and I think he's all right" did not invade the province of the jury. Two children were called to identify the defendant. One was ten years old and in the fifth grade, the other was nine and in the third grade. Both were interrogated by the court and their responses indicated they understood the nature of the oath they had taken. It was not error to admit their testimony identifying the defendant.

5. State's exhibits 3 and 4 were a pistol and a ski mask, respectively. Both were challenged as not having been positively identified as being used in the commission of the crime. As to the ski mask, defendant was positively identified as the armed robber by the warehouse employee who waited on him when he came to the warehouse ostensibly seeking to purchase peas or beans; at that time his face was exposed but as he left he slipped on a ski mask which that same employee and another employee identified as the ski mask or similar to the ski mask worn by the defendant. The mask was picked up on the railroad track down which the defendant had fled. The same type of identification was used as to the pistol "which he kept waving around." The pistol was identified in the same manner, one witness on examination stating that "it had a short part right here." It was found in a hamper in a house in the same block as the house under which the defendant was corralled. The money bag was found under the house and a sack of beans which the defendant had purchased at the warehouse was in the hamper with the pistol. Evidence of strong similarity between the exhibits and the described articles combined with circumstantial evidence of the time and place of discovery and the movements of the defendant render demonstrative evidence admissible in criminal proceedings. "Even assuming that the articles of clothing were not positively identified as belonging to the appellant, as he contends, they were admissible based on testimony

which indicated that they were similar in color and description to the clothing worn by the perpetrator of the crimes." *Taylor v. State,* 243 Ga. 222 (7) (253 SE2d 191) (1979). In *Duvall v. State,* 238 Ga. 325, 326 (232 SE2d 918) (1977) it was stated: "Where, as here, the victim of a crime identifies a weapon as similar to that used in the commission of the crime, the weapon is admissible whether or not it is the identical weapon."

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided October 28, 1982 —
Rehearing denied November 23, 1982.

*Truitt A. Mallory,* for appellant.
*Johnnie L. Caldwell, District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.