68043. HENDERSON v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of four offenses involving the operation of a motor vehicle. Count 1 was for being an habitual violator; Count 2 for driving on the wrong side of the road; Count 3 for driving without no-fault insurance; and, Count 4 for driving with ability impaired by alcohol. Defendant appeals. *Held*:

The sole enumeration of error is that the trial court erred in permitting a state's witness to testify over objection as to hearsay statements made by a witness at the scene of the arrest. A state patrolman testified that he observed the vehicle driving on the wrong side of the road; when he stopped the vehicle the defendant was under the steering wheel and a passenger was in the automobile; that he saw no other persons and did not see anyone exit the vehicle. The defendant appeared to be intoxicated and had no proof of insurance. It was then stipulated the defendant had been declared an habitual violator and had been properly served with notice of that declaration. The incident occurred at approximately 2:00 a.m. when the motor vehicle stopped in a dark area near some shrubbery and close to the residence of a relative of the defendant. The defendant advised the patrolman at the scene that his brother was driving the automobile. He

testified at trial that his brother was driving the car and he jumped out of the automobile and ran to his grandmother's house after seeing the patrol vehicle, explaining the reasons why the brother had done so. Whereupon, the patrolman was recalled as a witness and asked whether or not he had talked to the passenger that evening. After objection and colloquy as to what the passenger had told the officer he was allowed to testify as to what the passenger had told him in the presence of the defendant to explain his conduct. At that particular point in time the officer testified that this person had stated that the only persons in the vehicle were the defendant and herself. The objection here is that the testimony does not explain the conduct of the officer and same was hearsay and not original evidence. See in this connection *Jones v. State*, 247 Ga. 268, 272 (7) (275 SE2d 67); *Momon v. State*, 249 Ga. 865 (294 SE2d 482); *Stamper v. State*, 235 Ga. 165, 169-170 (1) (219 SE2d 140); *Harrell v. State*, 241 Ga. 181, 185-186 (1) (243 SE2d 890). Nevertheless, the testimony of the officer was not inadmissible on the ground that it was hearsay since such a witness may testify what he saw and heard while in the defendant's presence. See *Broome v. State*, 141 Ga. App. 538, 539, 540 (2) (233 SE2d 883); *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68); *Grindle v. State*, 151 Ga. App. 164 (2) (259 SE2d 166). Clearly this testimony was what the officer's investigation disclosed at the scene when he made the arrest of the defendant even though it is made in rebuttal to the defendant's testimony that the brother had been present, was driving the car and fled the scene upon the approach of the officer. While the officer had not offered this testimony on direct as to his investigation it comes within the purview of OCGA § 24-3-2. We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 16, 1984 —
REHEARING DENIED MARCH 26, 1984.

*V. Gail Lane, Harry J. Altman*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.