## 67899. LATIMORE v. THE STATE.

McMurray, Chief Judge.

Defendant was convicted of burglary. Following the denial of his motion for new trial defendant appeals. *Held*:

1. Defendant's first enumeration of error contends the trial court erred in allowing in evidence the testimony of a police officer as to what someone else told him when he arrived at the scene of the alleged crime. This officer testified that when he arrived at the scene the defendant was being held at gunpoint by a male who had seen the defendant carry out the stereo set. He also testified that when he arrived a female there at the scene, where the defendant was being held, told him she had seen the defendant in the hallway carrying out a stereo set. The female who had told the officer this did not testify. However, there was testimony by another witness that he had seen the defendant carrying out the stereo set. Counsel for defendant objected to what this officer was told by the person but the objection was overruled as the contents were for the purpose of explaining the officer's conduct. Under OCGA § 24-3-2 such testimony to explain the conduct of the investigating officer is original evidence to explain his conduct but not original evidence as to the defendant's guilt. See *Gaskins v. State,* 250 Ga. 386, 389 (4) (297 SE2d 729); *Lynch v. State,* 164 Ga. App. 317, 318-320 (3) (296 SE2d 179); *Lord v. State,* 157 Ga. App. 104, 105 (1) (276 SE2d 153); *Williams v. State,* 156 Ga. App. 481, 482 (2) (274 SE2d 826); *Garrett v. State,* 153 Ga. App. 366, 367 (2) (265 SE2d 304). Moreover, this testimony was merely cumulative of the other witness' testimony who had observed the defendant carrying out the stereo set and who testified to this effect. This rendered any error in the admission of the officer's testimony harmless. See *Henry v. State,* 154 Ga. App. 120, 121-122 (3) (267 SE2d 653); *Pickelseimer v. State,* 154 Ga. App. 223, 224 (1) (267 SE2d 845); *Kerr v. State,* 154 Ga. App. 470, 471 (3) (268 SE2d 762). Furthermore, anything heard by a witness while in the presence of the defendant is admissible and is not hearsay. See *Grindle v. State,* 151 Ga. App. 164 (2) (259 SE2d 166); *Moore v. State,* 240 Ga. 210, 212 (2) (240 SE2d 68); *Broome v. State,* 141 Ga. App. 538, 540 (2) (233 SE2d 883). There is no merit in this complaint.

2. The remaining enumeration of error is that the trial court erred in failing to inform defense counsel of its proposed charge with reference to the various requests to charge made by the defendant. After closing arguments defense counsel asked the trial judge if he was going to go over the requests to charge to which the trial judge replied that it was not necessary and proceeded to charge the jury. Under OCGA § 5-5-24 the purpose of the requirement that the trial court inform counsel *prior to argument* of the court's action on the

written requests is designed to enable counsel to argue the case to the jury intelligently. See *Daniels v. State*, 137 Ga. App. 371, 373-376 (4) (224 SE2d 60). However, in the case sub judice, argument was already completed at the time counsel called attention to the fact the trial court had not gone over the requests to charge. Under the circumstances we find no harmful error. See *Ezzard v. State*, 155 Ga. App. 594, 596 (7) (271 SE2d 728); *Hudson v. State*, 150 Ga. App. 126 (3) (257 SE2d 312); *Daniels v. State*, 137 Ga. App. 371, 373-376 (4), supra. Moreover, upon examination of the charge we find that the court had instructed the jury at least in substance as to all of the defendant's written requests except as to one or two theories (one of guilt and the other consistent with innocence) which was not applicable here since there was direct evidence of the crime. *Nolen v. State*, 124 Ga. App. 593, 594, 596-597 (184 SE2d 674); *Griffis v. State*, 163 Ga. App. 491, 492 (2) (295 SE2d 197). We find no merit in this complaint.

*Judgment affirmed. Deen, P. ·J., and Sognier, J., concur.*

DECIDED MAY 7, 1984.

Susan E. Teaster, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Margaret V. Lines, Assistant District Attorneys, for appellee.