### 70704. GREEN v. THE STATE.
(335 SE2d 4)

SOGNIER, Judge.

Appellant was convicted of robbery by force and appeals.

1. Appellant contends it was error to allow the victim to testify that a witness at the scene identified appellant, as such testimony was inadmissible hearsay.

Pearl Manuel was walking from her place of employment and noticed appellant approaching from the opposite direction. When they met appellant shoved Manuel, grabbed her purse and ran. Manuel's attempt to catch appellant was unsuccessful and she called the police, who arrived almost immediately. While Manuel was talking to the police, appellant walked up and Manuel told the police appellant was "the guy that snatched my purse." Manuel then testified that a lady jumped out of a car and said "[h]e's the guy that snatched her purse, because he shoved the lady down." It is this statement that appellant contends was admitted improperly. We do not agree.

A witness may testify to what he saw and heard in the defendant's presence. *Henderson v. State*, 170 Ga. App. 482, 483 (317 SE2d 343) (1984); *Latimore v. State*, 170 Ga. App. 848 (1) (318 SE2d 722) (1984). In the instant case the statement objected to was made in appellant's presence, and thus, was admissible under the rule set forth in *Henderson* and *Latimore*. Furthermore, a police sergeant testified, without objection, that when appellant was walking toward Manuel and himself the sergeant heard a couple at the scene say "[t]hat's him, that's the guy that took the lady's purse." Thus, the testimony objected to was merely cumulative of another witness' testimony to the same effect, and any error in its admission would be harmless error. *Latimore*, supra.

2. Appellant contends admission of the testimony referred to in Division 1 violated his constitutional right to confrontation of the witnesses against him. Since this enumeration is based on the same argument used in appellant's first enumeration of error, it is without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1985.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Nadine D. Bailey, David T. Lock, Assistant District Attorneys*, for appellee.