A89A1969, A90A0387. JONES v. THE STATE (two cases).
A90A0388. DOZIER v. THE STATE.
(391 SE2d 663)

SOGNIER, Judge.

James Edward Jones and Donald Jeff Dozier were convicted of armed robbery. This opinion consolidates their appeals from their convictions (Case Nos. A90A0387 and A90A0388, respectively) with Jones' appeal from the trial court's denial of his motion for an appeal bond (Case No. A89A1969).

1. Both appellants enumerate the general grounds. Construed to support the verdict, the evidence adduced at trial reveals that on the evening of January 18, 1988, Virginia Dunn, an employee of a pizza restaurant in West Point, received a call placing an order for a pizza to be delivered to a stated address. Dunn took the order and delivered the requested pizza. Dunn testified that when she arrived at the address, a man she identified as appellant Jones approached her and informed her he was the one who ordered the pizza. Jones then pulled a gun, pointed it at Dunn's face, and demanded her money. Dunn testified she gave him the pizza and a bag which contained receipts from other deliveries and Dunn's tip money. Dunn testified she had observed a bluish-gray four door automobile with a religious sign on the driver's door when she arrived to deliver the pizza. She stated that after Jones left and she returned to the restaurant, she reported the robbery to the police.

Shortly after Dunn's report, Alabama police officers stopped a vehicle matching Dunn's description, which was driven by appellant Dozier with appellant Jones in the passenger seat. The police retrieved from the floorboard of the front passenger seat a pizza delivery box which Dunn identified at trial as appropriate for the size and type of pizza taken from her in the robbery. She also identified a bag and the receipts inside as the items taken in the robbery. Testimony estab-

lished that the bag was found under the pizza box in the vehicle in which appellants were driving.

Captain Charles Storey of the Valley (Alabama) Police Department testified that he advised both appellants of their rights when he arrived where appellants and the vehicle were being detained. He stated that a holster was visible in the front of the vehicle between the driver and passenger seats, and when Storey questioned appellant Jones, Jones told him that the gun was under the seat of the car. Storey found the weapon as directed.

Storey testified that Jones made a statement in which Jones said that he and another were in a car, that the other person placed a call to the pizza restaurant and "set it up." When the delivery person arrived, Jones stated he pointed the gun at her, told her to give him the money, and was given the bank bag and pizza by the delivery person. Jones and the other person then left, got on the interstate highway, and exited at an intersection (identified by the Alabama police officers as near the location where they apprehended appellants). Also admitted was Jones' statement to Lieutenant James Daniel of the West Point Police Department in which Jones stated that he was a passenger in a car driven by another, and that the other person called the pizza restaurant, but that Jones left when the other person went to pick up the pizza.

Appellant Dozier testified at trial that he drove Jones to the trailer park where the pizza was delivered but was not involved and did not knowingly participate in the armed robbery in any way. He stated that nothing Jones said or did indicated an armed robbery had occurred, that he did not see the money bag or the gun, that he could not explain the holster between his seat and Jones' seat, and that he had given the police a false name when they stopped the car he was driving because he did not have a driver's license.

We find that on the basis of the evidence presented at trial, a rational trier of fact reasonably could have concluded beyond a reasonable doubt that both appellants were active participants in the planning and execution of the armed robbery for which they were indicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Byram v. State*, 189 Ga. App. 627, 629 (9) (376 SE2d 909) (1988).

2. Appellant Dozier raises for the first time on appeal the alleged ineffective assistance of his trial counsel. The record reveals that Dozier's trial counsel filed the motion for new trial, and in the order denying this motion the trial court appointed new counsel to represent Dozier in further post-conviction proceedings. As in *Hightower v. State*, 189 Ga. App. 553, 556 (376 SE2d 717) (1988), "the issue of ineffective assistance of counsel was first raised on appeal, and was not the subject of an amended motion for new trial. There-

fore, *Smith* [*v. State*, 255 Ga. 654 (341 SE2d 5) (1986)] controls and this case must be remanded for an evidentiary hearing. [Cits.]" See also *Midura v. State*, 183 Ga. App. 523, 526 (359 SE2d 416) (1987) (Carley, J., concurring specially.)

3. Jones contends the trial court erred by admitting into evidence Storey's testimony regarding the statement Jones made because the testimony was not from the witness's memory but rather from a note written by the prosecutor. The record reveals, however, that after Jones objected to Storey making the statement, Jones' attorney introduced the note into evidence as Jones' exhibit no. 1. It is axiomatic that induced error is impermissible. *Smith v. State*, 189 Ga. App. 244, 245 (2) (375 SE2d 496) (1988). Although Jones contends his statement was improperly admitted because the trial court failed to make a clear finding that the statement was made voluntarily under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the record fails to reflect that Jones questioned the voluntariness of the confession, moved for a hearing, or challenged the use of his statement, except in the regard discussed above. "Where the voluntariness of a confession is questioned on the trial of a criminal case it is necessary under the decision in *Jackson v. Denno*, [supra], to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration as to its voluntariness. In the absence of a proper objection, however, there is no requirement for such a hearing. Due process does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession." (Punctuation, citations, and emphasis omitted.) *McNair v. State*, 190 Ga. App. 412, 413 (2) (379 SE2d 424) (1989). Captain Storey explained that he twice read Jones his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), that Jones indicated that he did not want a lawyer but wanted to make a statement, that Jones did not appear to be under the influence of alcohol or drugs, and that Jones' statement was made without threat or coercion or under any offer of hope or benefit. See OCGA § 24-3-50. We find no error in the admission of this statement.

4. We have carefully examined Jones' remaining enumerations in Case No. A90A0387 and find them all to be without merit. The record fails to support appellant Jones' ninth enumeration of error, and the remaining enumerations either allege errors which were not raised by objection at trial and therefore cannot be considered for the first time on appeal, see *Cooper v. State*, 188 Ga. App. 297, 298 (3) (372 SE2d 679) (1988), or are not supported by argument of counsel or citation of authority, and are thus deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Weeks v. State*, 190 Ga. App. 373, 375 (2) (378 SE2d 895) (1989).

5. In Case No. A89A1969, Jones appeals from the denial of his

motion for an appeal bond. No transcript of the hearing on Jones' motion was included in the record on appeal. The trial court's order on the motion recites that a hearing was held at which Jones was heard and at which the procedure required by *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976) was followed. The trial court noted that Jones presented no evidence at the hearing and made no argument to convince the court to give negative answers to the four *Birge* questions. Finding that Jones failed to carry his burden of proof as required by *Moore v. State*, 151 Ga. App. 413, 414 (260 SE2d 350) (1979), the trial court denied his motion. We find no abuse of the trial court's discretion in so doing. See *Newton v. State*, 180 Ga. App. 764, 765 (350 SE2d 483) (1986).

*Judgments affirmed and Case No. A90A0388 remanded. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1990 —
REHEARING DENIED MARCH 7, 1990.

*Sherry L. Stenson*, for appellant (case nos. A89A1969, A90A0387).

*Robert B. Whatley*, for appellant (case no. A90A0388).

*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.