## A96A1539. ROBERTS v. THE STATE.
(477 SE2d 345)

POPE, Presiding Judge.

Defendant John Fitzgerald Roberts was convicted by a jury of armed robbery and making a false statement about the armed robbery. Following the denial of his motion for new trial, he appeals.

We view the evidence in a light favorable to the jury's verdict. Defendant and four co-defendants needed money to buy drugs. One of the co-defendants (Colbert) said he would rob the Dairy Queen if the others would just go along. Defendant and the other co-defendants went with Colbert while he got a gun and something to wear over his face, and then while he robbed the Dairy Queen. All of the co-defendants shared the drugs purchased with the proceeds and divided up the remaining money.

1. In two enumerations of error, defendant challenges the admission of his in-custody confession. Specifically, he argues that (a) the State failed to show that it had explained defendant's rights to him, and (b) the confession was coerced by the officer's statements regarding what the co-defendants had already told him.

(a) Defendant's first argument is not supported by the record. Contrary to defendant's assertion, the officer taking defendant's statement did testify at the *Jackson-Denno* hearing that he advised

---

[1] In the context of "pretextual" stops of motorists, see *Whren v. United States*, 517 U. S. ___ (116 SC 1769, 135 LE2d 89) (1996).

defendant of his *Miranda* rights, and that defendant understood those rights. And at the trial, the officer read the actual rights statement which he had read to defendant, and testified that defendant signed the waiver form.

(b) Defendant first gave a statement denying any involvement in the robbery. After the officer told him he was implicated in the statements of his co-defendants, however, defendant admitted that he knew what Colbert was doing and went along. Both of defendant's statements were taped, but what the officer told him in between the statements was not; and defendant argues that this scenario somehow suggests coercion. But advising a defendant of the evidence the State already has against him, without threat or promise, does not constitute coercion.

Accordingly, the trial court did not err in admitting evidence of defendant's statement. See *Jones v. State*, 194 Ga. App. 746, 748 (3) (391 SE2d 663) (1990).

2. Defendant contends that the trial court should not have admitted shirts allegedly worn by Colbert on the night of the robbery and a photograph of the site where the shirts were found, because the shirts were not adequately identified by the witnesses. Even if clothing cannot be positively identified, however, it is admissible if testimony indicates it is similar to that worn by the perpetrator; and this is particularly true where, as here, circumstantial evidence suggests the clothing was that worn by the perpetrator (i.e., the officers found the shirts exactly where the co-defendants said they had been thrown from the car). See *Taylor v. State*, 243 Ga. 222 (7) (253 SE2d 191) (1979); *Holloway v. State*, 164 Ga. App. 506 (5) (296 SE2d 744) (1982).

3. Nor did the trial court abuse its discretion in allowing testimony that Thomas, one of the co-defendants, had sought to establish a false alibi for the whole group. Defendant argues this testimony was not relevant because the State did not allege that he attempted to establish a false alibi. Nonetheless, it was logically relevant to the question of whether the whole group was involved in the crime. Moreover, Thomas testified at trial, and her testimony was more favorable to defendant than her pre-trial statement had been (e.g., at trial she said defendant did not receive any of the money from the robbery, but in her pre-trial statement she said he did). Thus, the challenged testimony was also relevant to the credibility of a witness.

4. Defendant argues that the trial court should have given his requested charge on mere association. As the court instructed the jury that the State must prove every element of the offenses charged beyond a reasonable doubt, and the mere association principle is just a corollary of this requirement, this argument is without merit. See *Lamunyon v. State*, 218 Ga. App. 782 (3) (463 SE2d 365) (1995).

5. Defendant also enumerates as error the trial court's failure to inform defense counsel which requests to charge would be given before closing argument. See OCGA § 5-5-24 (b). But defendant did not point out to the court this easily remedied failure prior to argument; nor did he ask to reargue in light of any unexpectedly included or omitted charges. Additionally, defendant shows no harm from the court's failure to comply with OCGA § 5-5-24 (b). We therefore find no harmful error. See *Latimore v. State*, 170 Ga. App. 848 (2) (318 SE2d 722) (1984); *Daniels v. State*, 137 Ga. App. 371 (4) (224 SE2d 60) (1976).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED OCTOBER 11, 1996.

*Joseph A. Grimsley*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.