■ The statement of the prosecutrix that she called the defendant because she heard he was a doctor, and the statement of a police officer who signed an affidavit that he did so on the basis of information received from a third party are not objectionable as hearsay. *Code* § 38-302.

### 45376.   CROSS v. THE STATE.

EVANS, Judge. The defendant was indicted, and convicted on four counts of a seven-count indictment charging him with forgery in the second degree, with sentences imposed to run consecutively. The appeal is from the judgment and sentence with errors enumerated on (1) the overruling of demurrers to the various counts; (2) the overruling of defendant's motion in arrest of judgment as to certain counts; (3) the insufficiency of the evidence to convict; (4) the allowance in evidence of incriminating statements made by the defendant prior to his being advised of his right to counsel; (5) the allowance in evidence of exhibits illegally removed from the defendant's place of business and testimony in regard thereto; and (6) the denial of his motion for new trial. The case involves the new Criminal Code

of Georgia (Ga. L. 1968, pp. 1249, 1287; 1969, pp. 857, 860; *Code Ann.* § 26-1702) as to the commission of forgery in the second degree in that the accused did knowingly make, alter and possess writings "in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, or at another time, or with different provisions, or by authority of one who did not give such authority with the intent to defraud." The language of the counts of the indictment upon which the defendant was convicted is virtually the same as the language of the statute shown above in regard to (1) a fictitious State of Georgia Driver's License blank; (2) a fictitious check of the State of Georgia Department of Revenue; (3) a fictitious $20 bill of U. S. currency; and (4) a fictitious $100 bill of U. S. currency. The confederate of the accused who was caught trying to pass the counterfeit $20 and $100 bills of currency testified he received the bills from the accused. Police officers, based upon a valid search warrant of the defendant's place of business found (1) fictitious temporary Georgia Chauffeur's Driver's License blanks having the same number thereon; (2) fictitious blank checks of the State of Georgia Department of Revenue, and (3) the various paraphernalia, such as plates, negatives, paper, etc., used in counterfeiting money of $20 and $100 denominations of U. S. currency. An employee of the Department of Revenue, State of Georgia, testified as to a number of checks which had been passed in the banking business which were facsimiles of the blank checks found with the search warrant. *Held:*

1. While as pointed out in *Rouse v. State,* 4 Ga. 136, the States have no jurisdiction whatever over the offense of counterfeiting money, which is vested exclusively in the Congress of the United States (U. S. Constitution, Art. I, Sec. VIII (5), (6); *Code* § 1-125 (5), (6)), this case involves a crime resulting in a private wrong and not an offense committed directly against the Federal Government as in counterfeiting. Accordingly, the counts involving forgery in the second degree as to the U. S. currency are not subject to the attacks made thereon. See *Nastasi v. Aderhold,* 201 Ga. 237 (39 SE2d 403).

2. The court did not err in overruling the demurrers to the var-

ious counts. The motions in arrest of judgment were not meritorious, and the evidence was sufficient to convict on the various counts, the accused merely attempting to show that others than he could have committed the forgeries in the printing shop.

3. The spontaneous statement of the accused made to the officers during the search of the printing shop by them with a valid search warrant that "I don't know too much about these things but I know that I can straighten you out on it, but I had better not say" cannot be said to be illegally allowed in evidence, since such statements were made before his arrest and the jury was authorized to consider the same. *Code* § 38-420. At the time the statements were made the defendant was not "in custody" or "under formal arrest" so as to bring this case within the purview of Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977), as expanded in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The statement is more of an exception to the hearsay rule as a part of the res gestae instead of an admission. The court did not err in allowing in evidence the spontaneous statement made by the accused during the exercise of the search warrant.

4. Having considered all of the errors enumerated and argued in appellant's brief, and finding no error, the

*Judgment is affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JUNE 8, 1970—DECIDED JUNE 29, 1970—REHEARING DENIED JULY 17, 1970—

*Malone, Drake & Malone, Thomas Wm. Malone,* for appellant.
*Robert W. Reynolds, District Attorney,* for appellee.