## 67303. CLARKE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for rape and aggravated sodomy. *Held:*

1. Error is alleged because defendant was denied a thorough and sifting cross-examination of the victim concerning a past sexual experience with defendant, as authorized by OCGA § 24-2-3 (Code Ann. § 38-202.1).

Pretermitting whether the trial court erred in not permitting initial cross-examination of the victim as to a prior sexual experience with defendant, as defendant subsequently testified that he had such an experience with the victim two days before the alleged rape in which they were interrupted by the victim's boyfriend, and the victim in direct and cross-examination of her rebuttal testimony denied having any such prior sexual relationship, any possible error was rendered harmless. "[E]vidence wrongfully withheld is harmless where admissible evidence of the same fact is introduced." *Patrick v. State,* 150 Ga. App. 266 (1), 267 (257 SE2d 356).

2. At the commencement of trial defense counsel objected to the proposed introduction of a laboratory report showing a positive result for sperm in the victim, or testimonial use thereof, which had not been presented to him prior to trial after proper request as

required by OCGA § 17-7-211 (Code Ann. § 27-1303). However, to avoid the trial court's proposed continuance (*Tanner v. State,* 160 Ga. App. 266 (1) (287 SE2d 268)), counsel chose to waive the objection and proceed to trial. Subsequently, in direct examination of defendant, defense counsel elicited that defendant had been convicted of burglary and was on probation. It is asserted that both the foregoing acts constituted ineffective assistance of counsel.

Defense counsel's action concerning laboratory reports and introduction of defendant's prior record are tactical decisions. *Willis v. State,* 249 Ga. 261 (3, 4, 6) (290 SE2d 87); *Bishop v. State,* 155 Ga. App. 611 (2d) (271 SE2d 743).

"Decisions as to 'strategical and tactical decisions are to be made by the lawyer after consultation with the client.' [Cit.] And where the defendant's appellate complaint relates 'to tactical judgments made by such [trial] counsel and, in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation.' [Cit.] 'Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel.' [Cit.]" Id. at 615.

We do not find that defense counsel was inadequately prepared or that defendant had a defense which was not presented. The record of the proceedings shows able representation and no lack of effective representation.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984.

*Frank B. Hester,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, A. Thomas Jones, Assistant District Attorneys,* for appellee.