## 70021. BROWNING v. THE STATE.
(331 SE2d 625)

McMurray, Presiding Judge.

Via indictment, defendant was charged with one count of forgery in the first degree and two counts of forgery in the second degree. The jury found defendant guilty of the count of forgery in the first degree. With regard to the counts of forgery in the second degree, defendant was convicted upon one of the counts and acquitted upon the other. Following sentencing, defendant appeals. He contends the evidence was not sufficient to support his conviction upon the forgery in the second degree count.

A review of the record demonstrates that defendant went to the Trust Company Bank of Gwinnett County on November 16, 1983. He entered the bank shortly before closing time and asked to open a checking account. The required forms were completed and defendant gave the customer service representative a check in the amount of $450 to open the account. The check was drawn on The Citizens Bank, Gainesville, Georgia, and had the name Fred Nelson Foster printed thereon. It was made payable to the defendant, dated "11-15-1983," and signed "Fred N. Foster." It bore check number 149 and the notation, "For car." After the customer service representative routinely checked defendant's background through a banking network, the police were called. Upon their arrival, defendant went to the front of the bank, unlocked the door (the bank had been closed in the meantime) and let himself out. The police followed defendant out of the bank to a truck. A young woman, Angela Foster, and her infant child were inside the truck. Defendant was detained, placed under arrest, searched and questioned. The truck was impounded.

The search of defendant's person revealed another Fred Nelson Foster check drawn on The Citizens Bank, Gainesville, Georgia. This check was for $65.50 and it was also made payable to defendant. It was dated "11-16-1983"; it bore the notation "For work" and check number 207; and it was signed "Fred N. Foster." By searching the truck, the police discovered a Fred Nelson Foster-The Citizens Bank checkbook behind the visor. Check number 206 was in the checkbook. It too was dated "11-16-1983" and signed "Fred N. Foster"; but it was made payable to K-Mart, in the amount of $163.13, and bore the notation "For radio." The reverse side of the K-Mart check was stamped: "For deposit only to account of K-Mart Corporation 7915 K-Mart." It was also imprinted with lines to be completed for "Phone," "Address," and "Driver's License." The word "No" was handwritten upon the line designated "Phone." A checkmark was placed on the "Address" line; the line marked "Driver's License" was left blank.

The three checks were the bases of the indictment. The forgery

in the first degree count was based upon the $450 check which defendant gave to the customer service representative. The $65.50 check made payable to defendant formed the basis of the forgery in the second degree count upon which defendant was acquitted. The K-Mart check underlies the forgery in the second degree count upon which defendant was convicted and it is the subject of our attention in this appeal.

A document examiner testified that the checks were not signed by Fred N. Foster but she was unable to determine who signed the checks. All of the checks and the checkbook belonged to Fred Nelson Foster. The account had been closed by Foster six or seven years before defendant's arrest. Foster testified that he and defendant had been friends since childhood; that defendant visited his home in November 1983; that he stored the Citizens Bank checks in a drawer in his kitchen; and that defendant had an opportunity to be alone in the kitchen during his November 1983 visit. *Held:*

1. Uttering or delivering a writing is an essential element of the offense of forgery in the first degree; but it is not an essential element of the offense of forgery in the second degree. *Ward v. State*, 123 Ga. App. 216 (180 SE2d 280). "A person commits the offense of forgery in the second degree when with the intent to defraud he knowingly makes, alters or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority." OCGA § 16-9-2 (a). Because there was no evidence that defendant made or altered the K-Mart check (or either of the other checks), we must determine whether the evidence demonstrates that with the intent to defraud defendant knowingly *possessed* the check.

2. Defendant contends the evidence was not sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the offense of forgery in the second degree with regard to the K-Mart check because the State failed to prove that he possessed the check with the requisite "intent to defraud." In this respect, defendant argues that he could not have possessed the K-Mart check with criminal intent because it had been restrictively endorsed by K-Mart, and therefore, it could not have been negotiated further. This argument does not withstand commercial code scrutiny. "No restrictive indorsement prevents further transfer or negotiation of the instrument." OCGA § 11-3-206 (1).

3. "A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. We find the circumstances in the case sub judice (including

the possession on defendant's person of Check No. 207, the uttering of the $450 check and defendant's apparent attempt to flee) sufficient to authorize a rational trier of fact to determine that defendant possessed the K-Mart check (jointly if not solely) with the requisite intent to defraud beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Chicola v. State*, 253 Ga. 773, 775 (1) (325 SE2d 379).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MAY 14, 1985.

*Michael Greene, Gerald N. Blaney, Jr.*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra Kaplan Turner, Assistant District Attorney*, for appellee.