## A89A0744. EBENEZER v. THE STATE.
(383 SE2d 373)

McMurray, Presiding Judge.

Defendant was indicted for 17 counts of forgery in the second degree. The evidence adduced at a jury trial revealed that on June 3, 1988, defendant went to an air-express company in College Park, Georgia and posted a package to Walter Omopariola in Lagos, Nigeria. Upon a routine inspection of the package, an employee of the air-express company found 17 counterfeit one hundred dollar bills. Another employee of the air-express company contacted police authorities and, when defendant was approached by law enforcement officers, he fled. Defendant was found guilty on all 17 counts of the indictment and this appeal followed. *Held*:

1. In his first enumeration, defendant contends the trial court erred in failing to grant his motion for directed verdict of acquittal, arguing that the State failed to prove, beyond a reasonable doubt, that he had possession of the forged United States currency with the intent to defraud.

" 'A person will not be presumed to act with criminal intention but the trier of fact may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6." *Browning v. State*, 174 Ga. App. 759, 760 (3) (331 SE2d 625). In the case sub judice, defendant's possession of the forged United States currency, his posting of the forged writings and his flight from law enforcement officers was sufficient to authorize the jury's finding, beyond a reasonable doubt, that defendant possessed the forged United States currency with the requisite intent to defraud. OCGA § 16-9-2 (a). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Browning v. State*, 174 Ga. App. 759 (3), supra.

2. Defendant contends in his second enumeration of error that "[t]he trial court erred in failing to construe the indictment as charging one (1) count of forgery instead of seventeen (17) separate counts of forgery . . . and in holding that possession of each counterfeit bill is a separate offense." This contention is without merit.

The simultaneous possession of forged documents, when accompanied by the requisite fraudulent intent, constitutes separate offenses. *Patterson v. Caldwell*, 229 Ga. 321 (1), 322 (191 SE2d 43). See *Forbes v. State*, 129 Ga. App. 231 (2) (199 SE2d 548). The evidence adduced at trial in the case sub judice, which included evidence showing that defendant was in possession of 17 counterfeit one hundred dollar bills, was sufficient to support defendant's convictions, beyond a reasonable doubt, for 17 counts of forgery in the second degree. See Division 1 of this opinion.

3. Defendant contends in his third enumeration of error that the

trial court erred in finding that a telephone conversation he had with his cousin in Nigeria was inadmissible hearsay.

The trial court sustained the State's objection when defendant attempted to testify to the content of a telephone conversation defendant had with his cousin in Nigeria, Walter Omopariola. As an offer of proof, defendant testified that Mr. Omopariola contacted him via telephone and requested defendant to purchase equipment in the United States for use by Mr. Omopariola in Nigeria. Defendant also testified that Mr. Omopariola promised to send money for the equipment and that, three weeks after the telephone conversation, defendant received the 17 counterfeit one hundred dollar bills from Mr. Omopariola. Defendant argues that this testimony was not hearsay in that it was offered to explain his conduct in returning the counterfeit money to Mr. Omopariola and that it was harmful to exclude this evidence because it was critical to his sole defense, i.e., lack of intent to defraud. See OCGA § 24-3-2; *Momon v. State*, 249 Ga. 865, 866, 867 (294 SE2d 482).

Pretermitting the question of whether the content of the above telephone conversation was admissible evidence, we find its exclusion harmless since defendant later testified to virtually the same information which was the subject of the above telephone conversation. " '(E)vidence wrongfully withheld is harmless where admissible evidence of the same fact is introduced.' *Patrick v. State*, 150 Ga. App. 266 (1), 267 (257 SE2d 356)." *Clarke v. State*, 169 Ga. App. 433 (1) (313 SE2d 716).

4. In his fourth enumeration, defendant contends the trial court erred in excluding the content of a telephone conversation he had with an employee of the air-express company. Defendant offered proof that this testimony would "inform the jury what [he] understood that he was to do with respect to the package [that contained the forged United States currency]." We find no harmful error since defendant later testified as to the directions given to him by the employee of the air-express company. *Clarke v. State*, 169 Ga. App. 433 (1), supra.

5. Defendant contends in his fifth enumeration that "[t]he trial court erred in refusing to allow [him] to testify to the return address on an envelope."

Defendant testified that he received an envelope containing the counterfeit one hundred dollar bills through the United States Postal Service during the last week in May 1988. He then testified that the letter containing the counterfeit money "was addressed from Walter —" The State's attorney objected on the grounds that defendant was testifying to the "contents of a document not in evidence." The objection was sustained. Pretermitting the admissibility of this testimony, we find no harmful error since defendant later testified that the coun-

terfeit money was sent to him from his cousin in Nigeria, Walter Omopariola. *Clarke v. State*, 169 Ga. App. 433 (1), supra.

6. Next, defendant contends the trial court erred in refusing to give his requested jury charge that "[t]o warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." See OCGA § 24-4-6. "Although it may be the better policy to give the [above] instruction in close cases, such a charge is required only where the evidence relied upon for conviction is *entirely* circumstantial[.] *Jones v. State*, 243 Ga. 584 (255 SE2d 702) (1979)." *Griffith v. State*, 172 Ga. App. 255, 259 (2) (322 SE2d 921). The evidence in the case sub judice was not *entirely* circumstantial. There was direct evidence that defendant was in possession of counterfeit United States currency and that he was posting it to a third party in Nigeria. Consequently, the trial court did not err in refusing to give defendant's requested instruction.

7. In his seventh enumeration, defendant contends the trial court erred in its instruction to the jury in "failing to define intent to defraud as involving the elements of cheating or dishonesty."

"When words are of obvious significance, an omission to define such words, in the absence of a written request, will not require a new trial. *Perren v. State*, 69 Ga. App. 417 (3) (a) (25 SE2d 823) (1943)." *Gaddis v. State*, 176 Ga. App. 526 (336 SE2d 587). In the case sub judice, we find the word "defraud," as used in the court's charge, is of such obvious significance and common understanding as to need no definition by the trial court. See *Kelly v. State*, 63 Ga. App. 231, 239 (7) (10 SE2d 417). This enumeration is without merit.

8. In his final enumeration, defendant contends the trial court erred in failing to sustain his demurrer to the indictment, arguing that jurisdiction over the offense of counterfeiting is vested exclusively in the federal courts.

Defendant was not indicted for counterfeiting United States currency, he was indicted for forgery in the second degree under OCGA § 16-9-2 (a). See *Cross v. State*, 122 Ga. App. 208, 209 (1) (176 SE2d 517). This Code section provides that "[a] person commits the offense of forgery in the second degree when with the intent to defraud he knowingly makes, alters, or possesses any *writing* in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority." (Emphasis supplied.) The term *"writing"* in this Code section "includes, but is not limited to, . . . money . . . ." OCGA § 16-9-3. The trial court did not err in overruling defendant's demurrer to the indictment.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 19, 1989.

*Alfred L. King, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Deborah Benefield, Albert Collier, Assistant District Attorneys*, for appellee.