## A03A1497. QUINN v. THE STATE.
### (586 SE2d 699)

BARNES, Judge.

Veronica Quinn appeals from her felony forgery convictions, contending that the trial court erred by excluding evidence of her sole defense after the State made a hearsay objection. For reasons that follow, we affirm.

The record shows that Quinn was charged with three counts of forgery in this "identity theft" case. The State presented evidence showing that Quinn signed the victim's name on an application for an apartment, that she signed a "fake" Georgia identification card identifying herself as the victim, and that she signed the victim's name on a check. Quinn's defense was that she thought she had permission from the victim to use her identity and that she was being framed by the true con artists who had stolen the victim's identity and then disappeared.

On appeal, Quinn complains about the following questions which she was not allowed to answer during direct examination by her attorney:

> Q: Did you meet with Jason's cousin?
> A: Yes, I did. I went to — .
> Q: And what was her name?
> A: Her name was — when we went to the club, she was dancing at the club and when she walked on stage they said Trina. So my first introduction with her was Trina. When I talked to her and Jason that night she — .
> [THE STATE]: Objection.
> THE COURT: You cannot tell us what they told you.
> Q: You can't refer to any conversations you had with them. Just talk about what you knew, okay? What did you know — did you know Trina by any other name?
> A: In the beginning, no. The next — .
> Q: Later did you know about another name?
> A: Yes.
> Q: Okay. What name — .
> [THE STATE]: Objection.

At this point, the trial court conferred with counsel outside the presence of the jury. Quinn's counsel argued that the evidence should be admitted to explain her conduct and not to establish the truth of the matter asserted. The conference concluded with the following statements by the trial court and Quinn's counsel:

> THE COURT: Well, at the very least you're going to have to establish in very general terms what happened, and then go

into what your client did as a result of getting that information, and then perhaps I'll allow her to testify just very briefly. But I'm not going to let her go into detail as to all the conversations between them.

[DEFENSE COUNSEL]: And that's not our intent, Your Honor. We're trying to do it without it being so contorted.

THE COURT: Okay. Well, she's going to have to explain — she's going to have to describe and explain her conduct before she goes into — I don't know if this is making sense. I think [the State's] example — .

[DEFENSE COUNSEL]: Well, I think he said it well. I mean, I think we'll ask did she have a conversation with these people. I mean, I think we have to ask who did she know these people to be. And then based on that conversation, what did you do then. I mean, I think that probably covers it.

THE COURT: All right. I'm going to allow that very limited question and answer for the very limited purpose of explaining her conduct.

[DEFENSE COUNSEL]: Okay.

Following this ruling, defense counsel elicited testimony from Quinn establishing that she believed she was talking to the victim, that she gave the victim money to help her get the apartment, that she believed she had authority to use the victim's name, and that she was mistaken about who the victim really was. During cross-examination, Quinn testified that she paid for the victim's personal identifying information from someone she thought was the victim, that the person she thought was the victim said she could get a fake identification card in her name, and that she obtained the check with the victim's name on it from the person she thought was the victim.

We find no grounds for reversal. The record demonstrates that the trial court allowed Quinn to explain her conduct and present evidence of her sole defense. Even if we assume that the trial court erred when it initially sustained the State's objections, any error was harmless because Quinn subsequently presented evidence of her defense, i.e., she thought the victim had given her permission to use her identity. *Ebenezer v. State*, 191 Ga. App. 901, 902 (3) (383 SE2d 373) (1989) (finding exclusion of alleged hearsay harmless because "defendant later testified to virtually the same information").

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 18, 2003.

*Tyrone M. Hodnett II*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.