A05A1880. COCHRAN v. THE STATE.
(625 SE2d 92)

MIKELL, Judge.

Following a jury trial, Christopher David Cochran was convicted of battery as a lesser included offense of aggravated assault for repeatedly punching his former sister-in-law's boyfriend in the head. In his sole enumeration, Cochran contends that the trial court erred in its recharge of the jury by adding sua sponte a charge on voluntary intoxication. We disagree.

The record shows the following: In its initial charge to the jury, the trial court gave the standard charges and then charged the jury on aggravated assault, battery, justification, and self-defense. Shortly after deliberations began, the jury sent in a note requesting written copies of the legal definition of aggravated assault and battery. In response to this request, the trial court recharged the jury on aggravated assault and battery, and added sua sponte the challenged charge on voluntary intoxication. Cochran objected to the additional unrequested charge and asked that it be stricken, contending that he would have argued the issue during closing.

"Generally, the scope and content of additional jury instructions are left to the sound discretion of the trial court, and the trial court may address only the jury's request on a particular point or give additional instructions."[1] Moreover, "[w]here there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue."[2]

Addressing a similar issue in *Daniels v. State*,[3] we concluded that the trial court did not err in including in its jury charge a previously rejected instruction on circumstantial evidence.[4] Following federal precedent, we reasoned that the following practical solution would protect both the trial court and the parties, and obviate the need to void the trial:

[1] *Lawson v. State*, 224 Ga. App. 645, 649 (4) (481 SE2d 856) (1997). See also *Patterson v. State*, 264 Ga. 593, 594 (2) (449 SE2d 97) (1994).

[2] (Citation, punctuation and footnote omitted.) *Lloyd v. State*, 263 Ga. App. 234, 238 (4) (587 SE2d 372) (2003).

[3] 137 Ga. App. 371 (224 SE2d 60) (1976).

[4] Id. at 374-375 (4).

> Where the court, in its charge, includes matter contained in a rejected request, the party or parties affected thereby should call the attention of the court to the specific matter and request the right to argue that particular matter to the jury.[5]

Since Cochran did not ask to reargue the case, and the trial court did not absolutely deny him that right, there was no reversible error.[6]

In any event, there was some evidence that Cochran had been drinking on the evening in question: A dinner companion testified that she, Cochran, and Cochran's former sister-in-law shared a pitcher of margaritas; the arresting officer detected a moderate odor of alcohol on Cochran's breath; and, Brad Williams, Cochran's friend, testified that when Cochran called him that evening to report that he may have "seriously injured" someone, Williams "guess[ed] [Cochran] was drunk in a sense because he was kind of slurred." Under these circumstances, the trial court did not err by giving a sua sponte instruction on voluntary intoxication.[7]

Even if the charge was erroneously given, Cochran has not shown that he was either harmed or prejudiced as a result.[8] Cochran argues that prejudice can be inferred because after the unanticipated charge, a guilty verdict was rendered. This argument is meritless. Under the evidence presented in this case, including Cochran's own statement to police that he punched the victim three times in the head, we do not find the charge harmful or prejudicial.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2005.

*Berry & Reynolds, D. Victor Reynolds*, for appellant.

---

[5] (Punctuation omitted.) Id. at 375 (4).

[6] See, e.g., *Osterhout v. State*, 266 Ga. App. 319, 322 (2) (596 SE2d 766) (2004) (trial court did not err in giving previously rejected charge where defendant did not object or ask to reargue); *Roberts v. State*, 223 Ga. App. 167, 169 (5) (477 SE2d 345) (1996) (because defendant did not ask to reargue, failure to inform him of charges to be given prior to closing was harmless error); *Thompson v. State*, 154 Ga. App. 704, 708 (3) (269 SE2d 474) (1980) (defense counsel did not fully inform trial court that he wished to reargue closing in light of trial court's charge). Compare *Evans v. State*, 146 Ga. App. 480, 482-483 (1) (246 SE2d 482) (1978) (conviction reversed where trial court entirely failed to inform defendant of jury charges to be given, therefore request to reargue would have been futile).

[7] See, e.g., *Smith v. State*, 232 Ga. App. 290, 297 (2) (501 SE2d 523) (1998) (sua sponte charge on voluntary intoxication was proper in light of evidence that defendant drank three beers).

[8] *Lloyd*, supra.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.