**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2013**

# In the Court of Appeals of Georgia

A13A0722. SMITH v. THE STATE.

MILLER, Judge.

Following a jury trial, William Smith was convicted of two counts of identity fraud (OCGA § 16-9-121 (a) (1)) (2010), four counts of forgery in the second degree (OCGA § 16-9-2 (a)) (2010), and one count of giving a false name to law enforcement (OCGA § 16-10-25). Smith was also convicted of two additional counts of second degree forgery as lesser included offenses of two first degree forgery charges (OCGA § 16-9-1 (a)) (2010). Smith filed a motion for new trial, which the trial court denied. On appeal, Smith contends that (1) the evidence was insufficient to support his convictions for identity fraud, second degree forgery and giving a false name, and (2) the trial court erred in giving a sua sponte charge on the lesser included offense of forgery in the second degree. For the reasons that follow, we find that the

evidence was insufficient to support Smith's conviction for giving a false name and, therefore, reverse that conviction. We affirm Smith's convictions on the remaining counts.

Viewed in the light most favorable to conviction,[1] the evidence shows that in February 2010, Smith, his cousin, Dwayne Murry, and Michael Flake, went to a Best Buy store in Douglas County, Georgia. Smith, Murry and Flake took nearly $500 in merchandise, including an iPod, to the cash register. Murry presented a forged check and a fake Alabama identification card to the cashier to purchase the merchandise. Both the check and identification card bore the name "Earnest Lawson."

When it appeared that something was wrong with the transaction, Flake left the store. Smith and Murry left the store shortly thereafter, and all three men tried to drive off in a blue Ford Explorer. Smith was driving the vehicle.

Meanwhile, Best Buy employees reported the forged check, fake identification card and tag number of the Ford Explorer to police. The first responding officer saw Smith and his co-defendants run across the Best Buy parking lot and get into the Explorer. The officer stopped the Explorer in the parking lot, removed Smith and his

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

co-defendants from the vehicle and took them into custody. At the time of his arrest, Smith was in possession of a valid Georgia driver's license in the name of "Jack Spade." When officers ran Smith's fingerprints through the FBI database, however, the fingerprints were associated with the name William Carmichael Smith.

The Explorer was impounded and an inventory search resulted in the discovery of several gifts cards in the vehicle's center console, including a gift card in the name of William Smith. A detective who assisted in the inventory search also found a checkbook containing 14-15 loose checks under the driver's seat.[2] The checks appeared to be printed from a home computer, bore the name Ernest Lawson, Ernest Construction or Lawson Construction, had account numbers from four different bank accounts and were similar to the forged check that Smith and his co-defendants presented at the Best Buy store.

The detective later determined that two of the account numbers on the checks belonged to checking accounts owned by women and none of the account numbers were connected to Ernest Lawson. The detective also contacted the Alabama

---

[2] Murry, who pled guilty in this case, bought the checkbook, forged checks and his Alabama identification card from a guy on Craigslist for about $300.

Department of Motor Vehicles and ran several internet searches. He was never able to identify Ernest Lawson.

At trial, the first identity fraud victim identified the account number listed on seven of the checks found in the Explorer as her Wachovia checking account number. The checks bore the check numbers: 10150, 10151, 10152, 10154, 10155, 10157 and 10158. Check number 10150 was made out to Office Depot for a laptop. The first victim stated that she did not recognize the names Ernest Lawson or Lawson Construction, did not know Smith or Murry, and did not give them or anyone permission to use or possess her account number. The evidence also showed that a similar fraudulent check drawn on the first victim's account was used to purchase an iPod at a Best Buy in Tucker, Georgia.

The second identity fraud victim identified the account number on two of the checks found in the Explorer as hers These checks bore the check numbers 10160 and 10161. The second victim also testified that she did not know Smith or Murry and never gave them or anyone else permission to use her checking account number.

At trial, the State also presented similar transaction evidence showing that Smith, who is also known as "Jack Spade," was arrested in February 2008 in Greenville, South Carolina, for attempting to pass fraudulent checks at a department

4

store. In the course of their investigation, Greenville police recovered approximately thirty-eight fraudulent drivers' licenses and identification documents bearing Smith's picture. Greenville police also recovered counterfeit business checks and sales receipts documenting Greenville area purchases, and a United States military roster containing names, birth dates and Social Security numbers of approximately 46 military individuals. Smith admitted that he had manufactured approximately 500 counterfeit business checks, traveled to the Greenville area, and passed the counterfeit checks at several stores. Smith subsequently pled guilty in federal court to passing forged securities and possessing forged false identification documents.

1. Smith contends that the evidence was insufficient to support his convictions for identity fraud (Counts 3 and 4), second degree forgery (Counts 5 - 8) and giving a false name (Count 9). We agree in part and reverse Smith's conviction for giving a false name.

a. Identity Fraud - Counts 3 and 4

A person commits the offense of identity fraud when he or she willfully and fraudulently without authorization or consent, uses or possesses with intent to fraudulently use identifying information concerning an individual. See OCGA § 16-9-21 (a) (1) (2010). As used in the financial identity fraud statutes, the term "identifying

information" includes checking account numbers. See OCGA § 16-9-120 (4) (D). Venue for identity fraud will lie in any county where the person whose means of identification or financial information was appropriated resides or is found, or in any county in which any other part of the offense took place. See OCGA § 16-9-125; *Manhertz v. State*, 317 Ga. App. 856, 862 (2) (734 SE2d 406) (2012). Moreover, every person who intentionally aids or abets in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. See OCGA § 16-2-20 (a).

Here, Smith was charged with two counts of identity fraud in that he willfully and fraudulently possessed with the intent to use the checking accounts numbers of the two identity fraud victims without their authorization or consent. The evidence showed that Smith stood beside his co-defendant Murry when Murry attempted to purchase an iPod at the Best Buy in Douglas County with a forged check and fraudulent identification bearing the name "Earnest Lawson." Shortly thereafter, police found a checkbook containing 14-15 similar loose checks under the driver's seat of the Ford Explorer that Smith was driving when he and his co-defendants attempted to leave the Best Buy.

The identity fraud victims identified their account numbers on several of the loose checks, and they both testified that they did not know Smith and did not give him or anyone permission to use or possess their bank account numbers. The evidence also showed that a similar check drawn on the first identity fraud victim's checking account was used to buy an iPod at a Best Buy in Tucker, Georgia. Additionally, the similar transaction evidence showed that Smith had prior convictions for passing counterfeit checks. Accordingly, the evidence was sufficient to support the jury's verdict that Smith committed identity fraud either directly or as a party to the crimes. See *Manhertz*, supra, 317 Ga. App. at 862-863 (2); see also *Lee v. State*, 283 Ga. App. 826, 826-827 (1) (642 SE2d 876) (2007) (evidence supported defendant's identity fraud conviction where he ordered fraudulent payroll checks on his former company's account).

b. Second Degree Forgery - Counts 5 through 8

A person commits the offense of forgery in the second degree when with the intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority.

7

OCGA § 16-9-2 (a) (2010). The statute does not require presentment or delivery of the writing, but only requires proof that a person possessed a writing in a fictitious name. See *Velasquez v. State*, 276 Ga. App. 527, 529 (2) (623 SE2d 721) (2005). Although intent to defraud is commonly proved by showing delivery or use of the writing, intent may be shown by a defendant's contemporaneous attempts to present other, related documents. See id. Flight is also a factor, and this Court has found sufficient evidence to authorize a conviction for second degree forgery where the defendant attempted to pass a forged check, possessed another forged check and attempted to flee. See *Browning v. State*, 174 Ga. App. 759, 760-761 (3) (331 SE2d 625) (1985).

Here, Smith was charged with four counts of knowingly possessing checks in the fictitious name of "Earnest Lawson" with the intent to defraud. The evidence showed that all four of these checks were found under the driver's seat of the Explorer which Smith was driving when he and his co-defendants attempted to flee the Best Buy after they presented a similar fraudulent check in an attempt to purchase an iPod. Accordingly, the evidence was sufficient for the jury to determine that Smith possessed the checks (jointly, if not solely) with the requisite intent to defraud. See *Browning*, supra, 174 Ga. App. at 761 (3); see also *Loden v. State*, 199 Ga. App. 683,

690 (9) (406 SE2d 103) (1991) (defendant's possession of fraudulent identification credentials, combined with his use of those credentials in two fraudulent transactions supported his convictions for second degree forgery).

c. False Name - Count 9

"A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." OCGA § 16-10-25. "A conviction for violating OCGA § 16-10-25 must be supported by some evidence that the name given in the subject incident was false. Generally this is established by some proof of the defendant's real name." (Citation omitted.) *Griffin v. State*, 291 Ga. App. 618, 620 (2) (662 SE2d 171) (2008).

Smith was charged with violating OCGA § 16-10-25 by giving the name "Jack Spade" to the initial responding officer who stopped Smith and his co-defendants when they tried to leave the Best Buy parking lot. The evidence showed that at the time of his arrest, Smith was in possession of a valid Georgia driver's license in the name of "Jack Spade." Moreover, the similar transaction evidence showed that Smith was previously arrested and convicted under the name of "Jack Spade a/k/a William Carmichael Smith" for passing counterfeit checks in South Carolina. Although

9

Smith's fingerprints were associated with the name "William Carmichael Smith" when run through the FBI database, no evidence showed that Smith gave either name ("Jack Spade" or "William Smith") to the initial responding officer, and no evidence showed which of these names was Smith's true name and which name was false.[3] See *Preston v. State*, 257 Ga. 42, 44 (1) (354 SE2d 135) (1987). Accordingly, the evidence was insufficient to support Smith's conviction for giving a false name.

2. Smith contends that the trial court erred in giving a sua sponte charge on the lesser included offense of second degree forgery with regard to Counts 1 and 2 in response to a jury question. We disagree.

During jury deliberations in this case, the trial court received a note from the jury stating that most of the jurors believed that Smith was a party to the crimes and asking whether they could change the first degree forgery charges (Counts 1 and 2) to second degree forgery. Over trial counsel's objection, the trial court recharged the jury on first and second degree forgery and parties to a crime, and the trial court prepared new verdict forms giving the jury the option on Counts 1 and 2 of finding

---

[3] We note that, at his sentencing hearing, Smith presented a copy of an April 2002 name change order from Probate Court in the State of Alabama showing that he changed his name from William Carmichael Smith to Jack Spade.

Smith guilty or not guilty of either first degree forgery or the lesser included offense of second degree forgery.

Trial courts are authorized to charge on lesser included offenses as long as the charge is supported by the evidence and the indictment sufficiently places the defendant on notice of the crimes which he must defend. See *Brownlow v. State*, 248 Ga. App. 366, 369 (3) (544 SE2d 472) (2001). Moreover, "[w]hen a jury requests additional instructions on a point of law, the trial court in its discretion can recharge in full or limit its recharge to the scope of the jury's request." (Citations omitted.) *Boynton v. State*, 277 Ga. 130, 131 (2) (587 SE2d 3) (2003). "[W]here there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." *Cochran v. State*, 276 Ga. App. 840 (625 SE2d 92) (2005).

Second degree forgery is necessarily a lesser included offense of first degree forgery. See OCGA § 16-9-1 and § 16-9-2. The distinction between the two defenses is that first degree forgery requires proof that the defendant uttered or delivered the forged writing, whereas second degree forgery does not. See *Browning*, supra, 174 Ga. App. at 760 (2). In this case, the indictment charged Smith with two counts of first degree forgery which includes the elements required to prove the lesser crime of second degree forgery. Accordingly, the indictment afforded Smith with sufficient

notice of the conduct which he had to defend at trial. See *Brownlow*, supra, 248 Ga. App. at 369-370 (3). Moreover, some evidence supported a finding that Smith committed the lesser included offense of second degree forgery when he and his co-defendants presented a forged check and fake Alabama identification card in an attempt to purchase nearly $500 in merchandise, including an iPod, at the Douglas County Best Buy store. Accordingly, Smith cannot show that the trial court abused its discretion in adding a sua sponte charge on the lesser included offense when recharging the jury in response to their question. See *Cochran*, supra, 276 Ga. App. at 841 (holding that trial court did not err in adding sua sponte instruction on voluntary intoxication when recharging jury on aggravated assault and battery).

In sum, we affirm Smith's convictions for second degree forgery as a lesser included to the first degree forgery charges (Counts 1 and 2). We also affirm Smith's convictions for identity fraud and second degree forgery (Counts 3 through 8). However, we reverse Smith's conviction for giving a false name (Count 9), because the evidence did not support it.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Ray, J., concur.*

12